# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| KEVIN LANGEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CRESCENT DRILLING AND PRODUCTION, INC.,<br><br>    Defendant. | Case No.<br><br>**FLSA Collective Action**<br><br>**Jury Trial Demanded** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Kevin Langen (Langen) brings this lawsuit to recover the unpaid overtime wages and other damages owed under the Fair Labor Standards Act (FLSA).

2. Crescent Drilling & Production, Inc. (CD&P) is a private company engaged in the management of oil and natural gas properties.

3. CD&P employs oilfield personnel, like Langen, to carry out its work.

4. Langen, and the other workers like him, were typically scheduled for 12 plus hour shifts, 7 days a week, for weeks at a time.

5. But CD&P did not pay Langen or the other workers like him overtime.

6. Instead of paying overtime as required by the FLSA, CD&P paid these workers a day-rate and improperly classified them as independent contractors.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

- 2 -

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. Langen worked in this District and Division.

11. Langen is a resident of this District and Division.

## PARTIES

12. From approximately September 2015 to November 2017, Langen worked for CD&P as a Flowback Coordinator.

13. CD&P staffed Langen to Sanchez Oil & Gas Corporation (SOG).

14. Throughout his employment with CD&P, he was paid a day-rate with no overtime compensation and he was classified as an independent contractor.

15. His consent to be a party plaintiff is attached as <u>Exhibit A</u>.

16. Langen brings this action on behalf of himself and all other similarly situated workers who were classified as independent contractors and paid according to CD&P's day-rate system.

17. CD&P paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek.

18. The class of similarly situated employees sought to be certified as a collective action is defined as:

> **All workers who provided services to or on behalf of Crescent Drilling & Production during the past 3 years who were classified as independent contractors and paid on a day rate basis with no overtime (the "Day Rate Workers").**

19. Langen seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

20. Defendant, Crescent Drilling & Production, may be served by serving its registered agent for service of process, Lisa Africk, 2400 Veterans Memorial Blvd, Suite 110, Kenner, Louisiana 70062.

## FLSA COVERAGE

21. CD&P offers Engineering and Project Management services to cover all functions required for an operator to successfully manage onshore and offshore properties.[1]

22. For at least the past decade, CD&P has consistently employed dozens of workers in the United States.

23. CD&P is an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

24. CD&P is a covered enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. CD&P's annual revenues of more than $1,000,000 per year far exceed the minimum ($500,000) required for coverage under the FLSA.

26. CD&P's workers handled, sold, and/or worked on goods or materials that moved in or were produced for commerce by any person.

27. For example, CD&P's workers use wrenches, hammers, screw drivers, cell phones, automobiles, computers, steel toe boots, and fire-retardant clothing in performing their work.

28. In assisting with the production of oil and gas, Langen and the Day Rate Workers engaged in commerce or in the production of goods for commerce.

29. CD&P treated Langen and the Day Rate Workers as employees and dictated the pay practices Langen and the Day Rate Workers were subjected to.

30. CD&P's misclassification of Langen and the Day Rate Workers as independent contractors does not alter its status as their employer for purposes of the FLSA.

---

[1] https://www.crescentdrilling.com/company-profile (last visited March 29, 2019).

- 3 -

**FACTUAL ALLEGATIONS**

31. CD&P is a large oil and gas company.

32. It operates throughout the United States, and in Texas.

33. In order to make the goods and provide the services it markets to its customers; CD&P employs oilfield personnel like Langen and the Day Rate Workers and staffs them to oil and gas operators.

34. These oilfield workers carry out the hands-on, day-to-day production work for CD&P.

35. CD&P paid Langen and the Day Rate Workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek).

36. CD&P failed to pay Langen and the Day Rate Workers overtime for hours that they worked in excess of 40 hours in a workweek.

37. For more than 2 years, Langen was one of these workers.

38. Langen typically worked 12 days on and 2 days off.

39. In a standard two-week period, Langen worked at least 84 hours in one week, and at least 60 hours in the other week.

40. But CD&P did not pay Langen overtime.

41. The work Langen performed was an essential part of CD&P's core services.

42. During Langen's employment with CD&P, CD&P exercised control (directly or jointly through another company) over all aspects of his job.

43. Langen did not make substantial investment in order to perform the work CD&P required of him.

44. CD&P determined Langen's opportunity for "profit."

45. Because Langen received a daily rate for every day worked, Langen could not experience a "loss" in the sense relevant to determining whether someone is an employee under the FLSA.

46. Langen's earnings were controlled by CD&P through the number of days it scheduled him to work.

47. Langen did not provide unique services indicative of a third-party contractor.

48. Langen performed routine manual and technical job duties that were largely dictated by CD&P and its clients.

49. Langen worked exclusively for CD&P and its clients while being misclassified as an independent contractor from approximately September 2015 to November 2017.

50. Langen was not employed by CD&P on a project-by-project basis, but rather on a consistent basis.

51. CD&P, individually and/or jointly with a company it contracted with, controlled all the significant or meaningful aspects of the job duties performed by Langen.

52. CD&P, individually and/or jointly with a company it contracted with, controlled the hours and locations Langen worked, the tools he used, and the rates of pay he received.

53. Langen used equipment provided by CD&P or its clients to perform his job duties.

54. Langen did not provide the equipment he worked with on a daily basis.

55. Langen did not incur operating expenses like rent, payroll, marketing, and insurance.

56. Langen was economically dependent on CD&P during his employment.

57. CD&P and the operator it staffed Langen to set Langen's rates of pay, his work schedule, and prohibited his (formally or practically) from working other jobs for other companies while he was working on jobs for CD&P.

58. Langen's working relationship with CD&P was similar to that of the other Day Rate Workers.

59. Very little skill, training, or initiative (in the relevant sense of "business initiative") was required of Langen and the Day Rate Workers to perform their job duties.

60. Indeed, the daily and weekly activities of Langen and the Day Rate Workers were routine and largely governed by standardized plans, procedures, and checklists created or mandated by CD&P.

61. Virtually every job function performed by Langen and the Day Rate Workers was pre-determined by CD&P and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

62. Langen and the Day Rate Workers were generally prohibited from varying their job duties outside of the pre-determined parameters.

63. The Day Rate Workers also worked similar hours and were denied overtime as a result of the same illegal pay practice.

64. Like Langen, the Day Rate Workers were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

65. Langen and the Day Rate Workers did not receive a salary.

66. If Langen and the Day Rate Workers did not work on a particular day, they did not get paid for that day.

67. Langen and the Day Rate Workers received a daily rate and were classified as independent contractors.

68. Langen and the Day Rate Workers received the day rate regardless of the number of hours they worked in excess of 40 hours in a work week.

69. Langen and the Day Rate Workers' pay fluctuated in lockstep with the number of days worked in a pay period.

70. Langen and the Day Rate Workers were paid their day rate times the number of days they worked in a week.

71. Langen and the Day Rate Workers did not receive overtime pay.

72. Langen and the Day Rate Workers relied on CD&P for work and compensation.

73. Langen and the Day Rate Workers were not permitted by CD&P to subcontract out the work CD&P assigned to them.

74. Langen and the Day Rate Workers worked in accordance with the schedule set by CD&P and its clients.

75. Langen and the Day Rate Workers must follow CD&P's policies and procedures.

76. Langen and the Day Rate Workers' work must adhere to the quality standards put in place by CD&P and its clients.

77. Langen and the Day Rate Workers did not make substantial capital investments in the tools required to complete the jobs to which they were assigned.

78. CD&P knew, or acted with reckless disregard for whether, Langen and the Day Rate Workers were misclassified as independent contractors.

79. CD&P knows employees are entitled to overtime pay for hours worked in excess of 40 in a workweek.

80. Nonetheless, CD&P failed to pay Langen and the Day Rate Workers overtime for those hours exceeding 40 in a workweek.

81. CD&P's policy of classifying Langen and the Day Rate Workers as independent contractors and failing to pay them overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

### COLLECTIVE ACTION ALLEGATIONS

82. The illegal pay practice CD&P imposed on Langen were likewise imposed on the Day Rate Workers.

83. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA. The Day Rate Workers are similarly situated in relevant respects.

84. Numerous other individuals who worked with Langen were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by applicable law.

85. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

86. Langen and the Day Rate Workers are all entitled to overtime after 40 hours in a week for the same reasons.

87. The overtime owed to Langen and the Day Rate Workers will be calculated using the same records and the same formula.

88. Langen and the Day Rate Workers are geographically disbursed, residing and working in states across the county.

89. CD&P's failure to pay overtime at the rates required federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

90. Langen's experiences are therefore typical of the experiences of the Day Rate Workers.

91. Langen has no interests contrary to, or in conflict with, the Day Rate Workers.

92. Absent a collective action, many members of the FLSA Class likely will not obtain redress of their injuries and CD&P would retain the proceeds of its violation of the FLSA.

93. Individual litigation would be unduly burdensome to the judicial system.

94. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

95. Langen and the Day Rate Workers are similarly situated within the meaning of 29 U.S.C. § 216(b).

## CAUSE OF ACTION

### Violation of the FLSA

96. As set forth herein, CD&P has violated, and is violating, the FLSA by employing Langen and the Day Rate Workers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

97. CD&P knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Langen and the Day Rate Workers overtime.

98. CD&P's failure to pay overtime compensation to these employees was not reasonable, nor was the decision not to pay overtime made in good faith.

99. CD&P's failure to pay Langen and the Day Rate Workers overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

100. Accordingly, Langen and the Day Rate Workers are entitled to overtime under the FLSA, liquidated damages, attorney's fees and costs.

## JURY DEMAND

101. Langen demands a trial by jury.

## PRAYER

WHEREFORE, Langen prays for:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Day Rate Workers to permit them to join this action by filing a written notice of consent;

b. A judgment against CD&P awarding Langen and the Day Rate Workers all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
State Bar No. 24014780
**Andrew Dunlap**
State Bar No. 24078444
**Richard M. Schreiber**
State Bar No. 24056278
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT A

## CONSENT TO JOIN WAGE CLAIM

Print Name: __KEVIN LANGEN__

1. I hereby consent to participate in a collective action lawsuit against __Crescent__ to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at JOSEPHSON DUNLAP as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at JOSEPHSON DUNLAP to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: __KEVIN LANGEN (Apr 11, 2018)__                       Date Signed: __Apr 11, 2018__