UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FRITZ JOHN HOEFLEIN, III and RAUL SOLIS, III, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CRESCENT DRILLING AND PRODUCTION, INC. and CRESCENT DRILLING FOREMAN, INC.,<br><br>　　　　　　Defendants. | Case No. 5:19-cv-01194-FB-ESC<br><br>**FLSA Collective Action**<br><br>**Jury Trial Demanded** |

# FIRST AMENDED COMPLAINT

## SUMMARY

1.　　Fritz John Hoeflein, III (Hoeflein) and Raul Solis, III (Solis) (collectively, "Plaintiffs") bring this lawsuit to recover the unpaid overtime wages and other damages owed under the Fair Labor Standards Act (FLSA).

2.　　Crescent Drilling & Production, Inc. (CD&P) and Crescent Drilling Foreman, Inc. (CDF) (collectively, "Defendants) are a joint enterprise involved in the staffing of oil and gas operators.[1]

3.　　Defendants employ oilfield personnel, like Plaintiffs, to carry out their work.

4.　　Plaintiffs, and the other workers like them, were typically scheduled for 12 plus hour shifts, 7 days a week, for weeks at a time.

5.　　But Defendants did not pay Plaintiffs or the other workers like them overtime.

---

[1] CD&P and CDF both have a principal office address of 2400 Veterans Memorial Blvd., Suite 110, Kenner, LA 70062 and the same registered agent.

6. Instead of paying overtime as required by the FLSA, Defendants paid these workers a day-rate and improperly classified them as independent contractors.

7. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## JURISDICTION & VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is not proper pursuant to 28 U.S.C. § 1391 (b) for Hoeflein or Solis.

10. Venue was proper in the Western District of Texas, San Antonio Division for Langen because he lived and worked in the District and Division. Now that the Langen case has been severed, venue is no longer proper for Hoeflein and Solis.

11. Hoeflein worked for Defendants in Midland, Texas, which is in Midland County. Midland County is in the Western District of Texas, Midland Division.

12. Solis worked for Defendants in Flatonia, Texas, which is in Fayette County. Fayette County is in the Southern District of Texas, Houston Division.

## PARTIES

13. From approximately January of 2015 until October of 2017, Hoeflein worked for Defendants as a Drilling Consultant.

14. From approximately August 2015 to December 2016, Solis worked for Defendants as a Lead Operator/Well Technician.

15. Defendants staffed Hoeflein to Pioneer Natural Resources.

16. Defendants staffed Solis to Sanchez Oil & Gas Corporation.

17. Throughout their employment with Defendants, they were paid a day-rate with no overtime compensation and were classified as independent contractors.

18. Their consents to be a party plaintiff are on file with the Court. Docs. 2-3.

19. Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were classified as independent contractors and paid according to Defendants' day-rate system.

20. Defendants paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek.

21. The class of similarly situated employees sought to be certified as a collective action is defined as:

> **All workers who provided services to or on behalf of Crescent Drilling & Production and/or Crescent Drilling Foreman during the past 3 years who were classified as independent contractors and paid on a day rate basis with no overtime (the "Day Rate Workers").**

22. Plaintiffs seek conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

23. Defendants, Crescent Drilling & Production have already made an appearance in this case.

24. Crescent Drilling Foreman may be served by serving their registered agent for service of process, Lisa Africk, 2400 Veterans Memorial Blvd, Suite 110, Kenner, Louisiana 70062.

## FLSA COVERAGE

25. Defendants offer engineering and project management services to cover all functions required for an operator to successfully manage onshore and offshore properties.[2]

26. For at least the past decade, Defendants have consistently employed dozens of workers in the United States.

27. Defendants are an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

---

[2] https://www.crescentdrilling.com/company-profile (last visited March 29, 2019).

28. Defendants are a covered enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

29. Defendants' annual revenues of more than $1,000,000 per year far exceed the minimum ($500,000) required for coverage under the FLSA.

30. Defendants' workers handled, sold, and/or worked on goods or materials that moved in or were produced for commerce by any person.

31. For example, Defendants' workers use wrenches, hammers, screw drivers, cell phones, automobiles, computers, steel toe boots, and fire-retardant clothing in performing their work.

32. In assisting with the production of oil and gas, Plaintiffs and the Day Rate Workers engaged in commerce or in the production of goods for commerce.

33. Defendants treated Plaintiffs and the Day Rate Workers as employees and dictated the pay practices Plaintiffs and the Day Rate Workers were subjected to.

34. Defendants misclassification of Plaintiffs and the Day Rate Workers as independent contractors does not alter their status as their employer for purposes of the FLSA.

**FACTUAL ALLEGATIONS**

35. Defendants are a large oil and gas company involved in staffing and project management.

36. Defendants operate throughout the United States, and in Texas.

37. In order to provide the services it markets to their customers; Defendants employ oilfield personnel like Plaintiffs and the Day Rate Workers and staffs them to oil and gas operators.

38. These oilfield workers carry out the hands-on, day-to-day production work for Defendants.

39. Defendants paid Plaintiffs and the Day Rate Workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek).

40. Defendants failed to pay Plaintiffs and the Day Rate Workers overtime for hours that they worked in excess of 40 hours in a workweek.

41. Plaintiffs typically worked 14 days on and 14 days off.

42. In a standard two-week period, Plaintiffs worked at least 168 hours.

43. But Defendants did not pay Plaintiffs overtime.

44. The work Plaintiffs performed was an essential part of Defendants' core services.

45. During Plaintiffs' employment with Defendants, Defendants exercised control (directly or jointly through another company) over all aspects of their jobs.

46. Plaintiffs did not make substantial investment in order to perform the work Defendants required of them.

47. Defendants determined Plaintiffs' opportunity for "profit."

48. Because Plaintiffs received a daily rate for every day worked, Plaintiffs could not experience a "loss" in the sense relevant to determining whether someone is an employee under the FLSA.

49. Plaintiffs' earnings were controlled by Defendants through the number of days they scheduled Plaintiffs to work.

50. Plaintiffs did not provide unique services indicative of a third-party contractor.

51. Plaintiffs performed routine manual and technical job duties that were largely dictated by Defendants and their clients.

52. Plaintiffs worked exclusively for Defendants and their clients while being misclassified as an independent contractor during their respective employment.

53. Plaintiffs were not employed by Defendants on a project-by-project basis, but rather on a consistent basis.

54. Defendants, individually and/or jointly with a company they contracted with, controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

55. Defendants, individually and/or jointly with a company they contracted with, controlled the hours and locations Plaintiffs worked, the tools he used, and the rates of pay he received.

56. Plaintiffs used equipment provided by Defendants or their clients to perform their job duties.

57. Plaintiffs did not provide the equipment they worked with on a daily basis.

58. Plaintiffs did not incur operating expenses like rent, payroll, marketing, and insurance.

59. Plaintiffs were economically dependent on Defendants during their employment.

60. Plaintiffs and the operators they staffed Plaintiffs to set Plaintiffs' rates of pay, their work schedule, and prohibited them (formally or practically) from working other jobs for other companies while they were working on jobs for Defendants.

61. Plaintiffs working relationship with Defendants were similar to that of the other Day Rate Workers.

62. Very little skill, training, or initiative (in the relevant sense of "business initiative") was required of Plaintiffs and the Day Rate Workers to perform their job duties.

63. Indeed, the daily and weekly activities of Plaintiffs and the Day Rate Workers were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Defendants.

64. Virtually every job function performed by Plaintiffs and the Day Rate Workers was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

65. Plaintiffs and the Day Rate Workers were generally prohibited from varying their job duties outside of the pre-determined parameters.

66. The Day Rate Workers also worked similar hours and were denied overtime as a result of the same illegal pay practice.

67. Like Plaintiffs, the Day Rate Workers were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

68. Plaintiffs and the Day Rate Workers did not receive a salary.

69. If Plaintiffs and the Day Rate Workers did not work on a particular day, they did not get paid for that day.

70. Plaintiffs and the Day Rate Workers received a daily rate and were classified as independent contractors.

71. Plaintiffs and the Day Rate Workers received the day rate regardless of the number of hours they worked in excess of 40 hours in a work week.

72. Plaintiffs and the Day Rate Workers' pay fluctuated in lockstep with the number of days worked in a pay period.

73. Plaintiffs and the Day Rate Workers were paid their day rate times the number of days they worked in a week.

74. Plaintiffs and the Day Rate Workers did not receive overtime pay.

75. Plaintiffs and the Day Rate Workers relied on Defendants for work and compensation.

76. Plaintiffs and the Day Rate Workers were not permitted by Defendants to subcontract out the work Defendants assigned to them.

77. Plaintiffs and the Day Rate Workers worked in accordance with the schedule set by Defendants and their clients.

78. Plaintiffs and the Day Rate Workers must follow Defendants' policies and procedures.

79. Plaintiffs and the Day Rate Workers' work must adhere to the quality standards put in place by Defendants and their clients.

80. Plaintiffs and the Day Rate Workers did not make substantial capital investments in the tools required to complete the jobs to which they were assigned.

81. Defendants knew, or acted with reckless disregard for whether, Plaintiffs and the Day Rate Workers were misclassified as independent contractors.

82. Defendants know employees are entitled to overtime pay for hours worked in excess of 40 in a workweek.

83. Nonetheless, Defendants failed to pay Plaintiffs and the Day Rate Workers overtime for those hours exceeding 40 in a workweek.

84. Defendants' policy of classifying Plaintiffs and the Day Rate Workers as independent contractors and failing to pay them overtime violates the FLSA because these workers are, for the purposes of the FLSA, employees.

## COLLECTIVE ACTION ALLEGATIONS

85. The illegal pay practice Defendants imposed on Plaintiffs were likewise imposed on the Day Rate Workers.

86. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA. The Day Rate Workers are similarly situated in relevant respects.

87. Numerous other individuals who worked with Plaintiffs were classified as independent contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by applicable law.

88. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

89. Plaintiffs and the Day Rate Workers are all entitled to overtime after 40 hours in a week for the same reasons.

90. The overtime owed to Plaintiffs and the Day Rate Workers will be calculated using the same records and the same formula.

91. Plaintiffs and the Day Rate Workers are geographically disbursed, residing and working in states across the county.

92. Defendants' failure to pay overtime at the rates required federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

93. Plaintiffs' experiences are therefore typical of the experiences of the Day Rate Workers.

94. Plaintiffs have no interests contrary to, or in conflict with, the Day Rate Workers.

95. Absent a collective action, many Day Rate Workers likely will not obtain redress of their injuries and Defendants would retain the proceeds of their violation of the FLSA.

96. Individual litigation would be unduly burdensome to the judicial system.

97. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

98. Plaintiffs and the Day Rate Workers are similarly situated within the meaning of 29 U.S.C. § 216(b).

### CAUSE OF ACTION

### Violation of the FLSA

99. As set forth herein, Defendants have violated, and is violating, the FLSA by employing Plaintiffs and the Day Rate Workers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

100. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Day Rate Workers overtime.

101. Defendants' failure to pay overtime compensation to these employees was not reasonable, nor was the decision not to pay overtime made in good faith.

102. Defendants' failure to pay Plaintiffs and the Day Rate Workers overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

103. Accordingly, Plaintiffs and the Day Rate Workers are entitled to overtime under the FLSA, liquidated damages, attorney's fees and costs.

## JURY DEMAND

104. Plaintiffs demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiffs pray for:

a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Day Rate Workers to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendants awarding Plaintiffs and the Day Rate Workers all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

c. An order awarding attorney fees, costs, and expenses;

d. Pre- and post-judgment interest at the highest applicable rates; and

e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew W. Dunlap**
    State Bar No. 24078444
    **Richard M. Schreiber**
    State Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Fed. Id. 21615
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

On October 18, 2019, I served a copy of this document on all registered parties and/or their counsel of record via the Court's CM/ECF system.

    */s/ Michael A. Josephson*
    Michael A. Josephson