IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRITZ JOHN HOEFLEIN III, RAUL SOLIS III, | § § § | |
| *Plaintiffs,* | § § | SA-19-CV-01194-FB |
| vs. | § § | |
| CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., | § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action are Plaintiff's Motion for Conditional Certification and Court-Authorized Notice [#15]. This is a putative collective action filed under the Fair Labor Standards Act, 29 U.S.C. 216, *et seq.* ("FLSA") to recover unpaid overtime compensation. Plaintiffs John Hoeflein, III, and Raul Solis, III, were opt-in Plaintiffs in a lawsuit filed by Kevin Langen against Defendant Crescent Drilling & Production, Inc. *See* SA-19-CV-00320-FB. Langen's case had been referred to the undersigned for all pretrial proceedings. After Langen unexpectedly died, the Court severed Hoeflein's and Solis's claims from Langen's and opened this new cause of action. The case was automatically referred to the undersigned upon its opening. The Court therefore has jurisdiction to enter this Order pursuant to 28 U.S.C. § 636(b)(1)(A).

Hoeflein and Solis ("Plaintiffs") filed an Amended Complaint [#5], which is the live pleading in this case. The Amended Complaint alleges that Defendant Crescent Drilling and Production and Crescent Drilling Foreman ("Defendants"), an oilfield project management company providing staff to the oil and gas industry, are a joint enterprise that employed Plaintiffs

1

as oilfield workers, misclassified them as independent contractors, and paid them a day rate with no overtime compensation. Plaintiffs now ask the Court to certify the following class as a collective action:

> All oilfield workers who provided services to or on behalf of Crescent Drilling & Production and/or Crescent Drilling Foreman during the past 3 years who were classified as independent contractors and paid on a day-rate basis with no overtime.

The Court held a hearing on the motion on April 17, 2020, at which Plaintiffs and Defendants appeared through counsel. At the close of the hearing, the Court issued an oral ruling granting in part Plaintiffs' motion, which it now memorializes with this brief written Order.

To be entitled to conditional certification Plaintiffs must satisfy the lenient standard for certification under *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), which has been adopted by the majority of courts in the Fifth Circuit. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Tolentino v. C & J Spec-Rent Servs., Inc.,* 716 F. Supp. 2d 642, 646 (S.D. Tex. 2010) (collecting cases). To satisfy the *Lusardi* standard, a plaintiff must put forth "substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 & n.8 (5th Cir. 1995), *overruled in part on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). In making this determination, courts consider such factors as whether "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt into the lawsuit." *Tolentino*, 716 F. Supp. 2d at 647 (internal citations omitted). However, not all courts have embraced the third requirement of *Lusardi*. *See, e.g.*, *Villareal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 916 (S.D. Tex. 2010).

Plaintiffs support their motion for conditional certification with the declarations of both Hoeflein and Solis. These declarations state that Hoeflein and Solis were both classified as independent contractors and required to work 12 hours a day based on a day rate with no overtime compensation. The declarations further state that Defendants staffed and paid all oilfield workers in this way. Hoeflein was staffed to work with Pioneer Natural Resources as a Drilling Consultant, and Solis was staffed to work with Sanchez Oil & Gas as a Lead Operator. Defendants oppose the motion in part because Plaintiffs' proposed class includes oilfield workers staffed to over 50 different customers, all of whom have different business practices that will be relevant to the question of whether Plaintiffs were properly classified as independent contractors. The Court agrees with Defendants on this point, that a class encompassing oilfield workers with differing job titles and assignments to diverse customers would not serve the overarching case-management purposes of conditional certification under the FLSA. Nonetheless, Plaintiffs have established that a more limited class of oilfield workers is entitled to notice of this lawsuit, as Plaintiffs' declarations establish that there is a class of similarly situated workers who are victim to a single pay policy. The Court will therefore limit the class to those workers staffed to Sanchez and Pioneer, where Plaintiffs worked.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Conditional Certification and Court-Authorized Notice [#15] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the following class is conditionally certified:

> All oilfield workers who provided services to or on behalf of Crescent Drilling & Production and/or Crescent Drilling Foreman and were staffed to Sanchez Oil & Gas Corporation or Pioneer Natural Resources Company during the past 3 years who were classified as independent contractors and paid on a day-rate basis with no overtime.

**IT IS FURTHER ORDERED** that within **14 days** after entry of this Order, **on or before May 5, 2020**, the parties are required to **meet and confer** regarding the substance of Plaintiff's proposed notice and to submit to the Court their proposed notice for approval in light of this Order.  If the parties successfully reach an agreement regarding the notice, they should notify the Court of the same.  If there are portions of the notice on which the parties do not agree, the parties should clarify which portions of the notice are agreed and which are disputed, and for the latter, the parties should brief their respective positions to the Court for resolution.

**IT IS FINALLY ORDERED** that any relief requested not expressly granted herein is **DENIED**.

SIGNED this 21st day of April, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE