IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRITZ JOHN HOEFLEIN III, RAUL SOLIS III, | § § § | |
| *Plaintiffs,* | § § | SA-19-CV-01194-FB |
| vs. | § § § | |
| CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., | § § § § § | |
| *Defendants.* | § § | |

## ORDER

Before the Court in the above-styled cause of action are the following motions to quash: Defendants' Expedited Motion for Protective Order and to Quash Plaintiffs' Third-Party Subpoenas Directed to Pioneer Natural Resources Company and Sanchez Oil & Gas Corporation [#25]; Sanchez Oil & Gas Corporation's Motion for Protective Order and to Quash Plaintiffs' Third-party Subpoena Directed to Sanchez Oil & Gas Corporation [#28]; Pioneer Natural Resources Company's Motion for Protective Order and to Quash Plaintiffs' Third-Party Subpoena Directed to Pioneer Natural Resources Company [#30]. Also before the Court is Defendants' Motion to Stay Pending Ruling on Objections to Conditional Certification Order [#49].

This case is a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA") filed by Plaintiffs Fritz John Hoeflein, III, and Raul Solis, III, to recover unpaid overtime compensation from Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc. On April 21, 2020, the Court granted in part Plaintiffs' Motion for Conditional Certification and conditionally certified the following class:

1

> All oilfield workers who provided services to or on behalf of Crescent Drilling & Production and/or Crescent Drilling Foreman and were staffed to Sanchez Oil & Gas Corporation or Pioneer Natural Resources Company during the past 3 years who were classified as independent contractors and paid on a day-rate basis with no overtime.

(Order [#43].) In the same Order, the Court directed the parties to meet and confer on Plaintiffs' proposed notice.

The parties filed a Joint Advisory [#47] on the issue of notice, and Defendants filed objections to the Court's conditional certification order [#48] for review by the District Court. Defendants maintain that the Court should have excluded individuals who have signed a valid arbitration agreement with Defendants from the certified class. Due to this objection, the parties were unable to agree to notice, and Defendants filed their motion to stay issuance of notice until the District Court rules on their objections.

By their motions to quash, Defendants and non-parties Sanchez Oil & Gas ("Sanchez") and Pioneer Natural Resources Company ("Pioneer") ask the Court to quash subpoenas issued to Sanchez and Pioneer. On May 15, 2020, the Court held a hearing to address the motion to stay and the motions to quash, at which counsel for Plaintiffs, Defendants, Sanchez, and Pioneer appeared telephonically. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

## I. Motion to Stay

The Court will deny the motion to stay. At the hearing, the Court agreed to include Defendants' proposed limitation in the notice sent to potential opt-in Plaintiffs in the certified class in order to comply with the Fifth Circuit's decision in *In re JP Morgan Chase & Co.*, 916 F.3d 494 (5th Cir. 2019). Accordingly, the notice issued in this case will exclude all individuals who signed valid arbitration agreements with Defendants. In light of this ruling, Defendants

have agreed to withdraw their objections to the Court's conditional certification order. Defendants will have four weeks from the date of this Order to provide Plaintiffs with a list of its former workers who fit the class definition in the notice. The Court warns Defendants that it should only exclude from the list those for whom it can produce upon demand a copy of a valid, executed arbitration agreement. If after four weeks of reviewing their records, Defendants determine that they are uncertain whether a certain worker executed a valid arbitration agreement, that worker's name should be included in the list produced to Plaintiffs. The Court will toll the statute of limitations for all potential opt-in Plaintiffs from April 21, 2020, the date of the Court's conditional certification order.

## II. Motions to Quash

The Court will grant the motions to quash filed by Sanchez and Pioneer and dismiss as moot Defendants' motion. Sanchez and Pioneer adequately raised their objections to the subpoenas served upon them and it is unclear whether Defendants would have standing to challenge subpoenas served on these third parties.

The subpoenas at issue seek certain information from Sanchez and Pioneer regarding all individuals who performed services for the entities through Defendants. Plaintiffs seek all invoices for the putative class members, i.e., all workers Defendants staffed to Pioneer and Sanchez, as well as charts showing the exact days worked and day rates for these workers (a similar chart was already supplied to Plaintiffs with a sample invoice from Sanchez). Defendants maintain that the only invoices that are proportional to the needs of this case at this stage of the litigation are those for Plaintiffs Hoeflein and Solis—the only Plaintiffs currently in this lawsuit.

Discovery from a third party as permitted through a subpoena issued under Rule 45 is subject to the same general limitations on discovery set forth in Rule 26. Rule 26 requires that discovery be both "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court agrees with Sanchez and Pioneer that the request for *all* invoices as to *all* potential opt-in Plaintiffs is premature at this stage in the litigation and places an undue burden on Sanchez and Pioneer that is not proportional to the needs of this case. The parties confirmed at the hearing that the discovery sought from Sanchez and Pioneer is discovery that is confirmatory of discovery already sought from Defendants. Sanchez and Pioneer are third parties, not parties to this lawsuit, and therefore the Court has more consideration for the potential burden of compliance with Plaintiffs' subpoenas. Currently, there are only two Plaintiffs in this lawsuit. The proportionality inquiry will shift if others join the suit and as the litigation progresses and if less burdensome forms of discovery do not result in the production of the requested information.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Pending Ruling on Objections to Conditional Certification Order [#49] is **DENIED**.

**IT IS FURTHER ORDERED** that the notice issued in this case will exclude all individual class members who signed valid arbitration agreements with Defendants.

**IT IS FURTHER ORDERED** that Defendants provide Plaintiffs with a list of all class members to receive notice of this lawsuit who did not sign a valid arbitration agreement with Defendants within **30 days** of this Order.

**IT IS FURTHER ORDERED** that the statute of limitations of all opt-in Plaintiffs is **TOLLED** from April 21, 2020, the date the Court conditionally certified a class in this case.

**IT IS FURTHER ORDERED** that Defendants' objections to the Court's conditional certification order [#48] are deemed **WITHDRAWN**.

**IT IS FURTHER ORDERED** that Sanchez Oil & Gas Corporation's Motion for Protective Order and to Quash Plaintiffs' Third-party Subpoena Directed to Sanchez Oil & Gas Corporation [#28] and Pioneer Natural Resources Company's Motion for Protective Order and to Quash Plaintiffs' Third-Party Subpoena Directed to Pioneer Natural Resources Company [#30] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Expedited Motion for Protective Order and to Quash Plaintiffs' Third-Party Subpoenas Directed to Pioneer Natural Resources Company and Sanchez Oil & Gas Corporation [#25] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiffs' subpoenas to Pioneer and Sanchez are **QUASHED** such that Pioneer and Sanchez are not required to respond to the subpoenas.

SIGNED this 18th day of May, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE