IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRITZ JOHN HOEFLEIN III, RAUL SOLIS III, AARON AULD, JUAN A. BUSTAMANTE JR., JESUS E. FLORES, RON JONES, DAVID MCDANIEL, MARIO MUNOZ, FERNANDO RICHARD, LARRY STANLEY, TONY G. ALANIZ, SHELDON ANDERSON, MIKE DAFFRON, LUIS GOMEZ, VICTOR M. JUAREZ, EDWARD SAN MIGUEL, WILLIAM R. STOLZ, JUAN J. PENA, AARON ROBERGE, SERGIO ALVAREZ, ANDIE CRUZ, ROEL BARRERA, TRACY WOODSON, HERMAN CRUTCHER, LARRY WILHELM, TOBY B. LEDOUX, JESSE VERA, PEDRO GALLEGOS, BRUCE A. JOHNSON, HANK MOSER, | § § § § § § § § § § § § § § § § § § | SA-19-CV-01194-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., | § § § § | |
| *Defendants.* | § § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Defendants' Emergency Motion to Order Opt-In Period Closed and Strike Late Consent Forms or, Alternatively, Set New Deadline for Closure of Opt-In Period [#73]. This case has been referred to the undersigned for all pretrial purposes pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The Court held a telephonic hearing on the motion on September 8, 2020, at which all parties were present through counsel. At the close of the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

1

This is a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* The record reflects that the Court conditionally certified a class of Plaintiffs on April 21, 2020 [#43], and the parties agreed to certain procedures for issuing notice to the class [#47]. The parties agreed that Plaintiffs' counsel would send a copy of the Court-approved notice and consent form to potential class members by First Class U.S. mail, email, and text message 10 days from the date Defendants provided counsel with the list of potential class members and that potential class members would have 60 days to return their signed consent forms to Plaintiffs' counsel for filing with the Court.

Defendants provided counsel with a list of all class members on June 15, 2020, *see* Correspondence [#73-1], meaning Plaintiffs' counsel was to issue notice no later than June 25, 2020. Due to a calendaring error, Plaintiffs' counsel did not send notice by the June 15 deadline and waited until early August to do so. The notice sent to prospective opt-in Plaintiffs indicated that opt-in consent forms were due within 60 days, on or before October 12, 2020. If notice had been issued on June 25, pursuant to the parties' original agreement, the opt-in period would have closed on August 24, 2020. Since August 24, 2020, the Court has received an additional seven consent forms. (*See* Consents Forms [#67, #69, #72, #76, #80].)

By their "emergency" motion, Defendants ask the Court to cure Plaintiffs' "violations" of the notice and opt-in procedure agreed to by the parties by ordering that the opt-in period be closed as of August 24, 2020 and striking those consent forms filed after that date. Defendants' motion also accuses Plaintiffs' counsel of engaging in the improper solicitation of additional class members and attaches the declarations of three recipients of the notice of this suit who state that they have no intent to join the lawsuit and felt harassed by the three forms of notice they received (mail, e-mail, and text message). (Reynolds Decl. [#73-2] at ¶¶ 2–9; Foster Decl. [#73-

3] at ¶¶ 2–10; Braud Decl. [#73-4] at ¶¶ 2–7.)  One of the declarants also stated that Plaintiffs' counsel personally contacted him by phone to encourage him to join the lawsuit.  (Reynolds Decl. [#73-2] at ¶ 8.)   Yet, despite these allegations and implications of wrongdoing by Plaintiffs' counsel, Defendants' motion does not seek sanctions pursuant to Rule 11 or allege that Plaintiffs' counsel violated a specific disciplinary or ethics rule governing attorney conduct.

In response to the motion, Plaintiffs submit evidence seeking to establish that no improper communications occurred and directly challenging the veracity of the declarations submitted with Defendants' motion.  Plaintiffs also argue that Defendants should not be permitted to take advantage of a scheduling error in order to significantly reduce the period of time during which potential plaintiffs can file opt-in consent forms from 60 days to 12 days.  And Plaintiffs ultimately ask the Court to enforce the agreed 60-day opt-in period during which potential opt-in plaintiffs may submit their consent forms to the Court—albeit with a later start date—because doing so results in no prejudice to Defendants.

The FLSA does not specify when a person must opt-in to a collective action.  District courts in this Circuit have noted that courts have discretion to enforce the opt-in deadlines they set.  *See, e.g.*, *Heather English v. Tex. Farm Bureau Bus. Corp.*, 2020 WL 2764623, at *1 (W.D. Tex. 2020).  Here, it is undisputed that the parties agreed to a 60-day opt-in period.  But they also agreed to a notice schedule that would have resulted in the closing of the opt-in period by no later than August 24, 2020, if the original notice had been timely sent.  Seven additional plaintiffs have opted-in to this suit since August 24.  Defendants would have the Court strike these consent forms as untimely, yet Defendants have not established how it has been harmed by the later filings.  To begin with, it is imprecise to say these consent forms are, in fact, untimely; they were filed within the time-limit contained in the notice and within the 60-day period agreed

to by the parties.  It was the initial notice that was disseminated late.  But even if the consents can be considered untimely, they should not be stricken.

Courts consider several factors when determining whether to permit an untimely opt-in to join a collective action: (1) whether good cause exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA.  *Id.*  The only prejudice Defendants could identify at the hearing caused by the later filings and allowing potential opt-ins a full 60 days to file their consent forms was that this lawsuit would potentially be pending for two additional months.  Defendants acknowledged at the hearing that the Court can easily extend the current discovery and dispositive motions deadlines by 60 days to help cure any delay caused by new plaintiffs joining the lawsuit in September and October, as opposed to July and August.  (Defendants represented during the hearing that they do not wish to extend those deadlines, however.) Defendants have not identified how Plaintiffs' counsel's calendaring error and the shifting of the 60-day opt-in period places Defendants in a materially different position or causes Defendants any actual harm.  Potential plaintiffs would be the ones harmed by a shortened opt-in period.

Finally, the Court admonished Defendants' counsel at the hearing and will reiterate here that "emergency" motions are reserved for true emergencies that if not addressed immediately are no longer remediable.  This Court has a large docket of both civil and criminal matters, the management of which is made that much more complex by the current COVID-19 pandemic.  Nothing in Defendants' motion raised an emergency issue, and the Court reminds counsel that the undersigned expects all attorneys to conduct themselves with professionalism, civility, and

4

reasonableness and to refrain from inflammatory filings and *ad hominem* attacks, especially under the current circumstances.

      **IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Order Opt-In Period Closed and Strike Late Consent Forms or, Alternatively, Set New Deadline for Closure of Opt-In Period [#73] is **DENIED**.

      **IT IS FURTHER ORDERED** that opt-in plaintiffs have 60 days from the date notice was disseminated, until **October 12, 2020**, to file their consent forms with this Court.

      SIGNED this 11th day of September, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE