# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| FRITZ JOHN HOEFLEIN, III and RAUL SOLIS, III, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>CRESCENT DRILLING AND PRODUCTION, INC. and CRESCENT DRILLING FOREMAN, INC.,<br><br>     Defendants. | Case No. 5:19-cv-01194-FB-ESC<br><br>FLSA Collective Action<br><br>Jury Trial Demanded |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs Fritz John Hoeflein, III (Hoeflein) and Raul Solis, III (Solis) (collectively, "Plaintiffs") files this Motion for Leave to Amend their Complaint and respectfully shows the Court as follows:

1. On October 18, 2019, Plaintiffs filed their First Amended Complaint against Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc. (collectively, "Crescent") alleging Crescent violated the Fair Labor Standards Act (FLSA) by classifying them and other inspectors as independent contractors and paying them a day rate with no overtime. Doc. 5.[1]

2. Crescent filed its Answer to Plaintiff's First Amended Complaint on November 1, 2019. Doc. 6.

---

[1] On October 4, 2019, Kevin Langen filed his original Complaint alleging Crescent violated the FLSA by misclassifying him and other inspectors as independent contractors and paying them a day rate with no overtime. Doc. 1. On October 4, 2019, this Court issued an order severing and staying the case due to Langen's unexpected death. *See* Doc. 4. The parties agreed Langen's untimely death and other threshold issues made him ill-suited to continue as lead Plaintiff in this collective action. *Id.* The parties agreed that Langen's claims should proceed as an individual FLSA action under this cause number and the claims of the two opt-in Plaintiffs should be severed and proceed under a new Complaint as a collective action under a new cause number. *Id.*

3. On January 17, 2020, the Court entered a Scheduling Order, which *inter alia* set the Parties' deadline to file a motion to amend pleadings on February 28, 2020. Doc. 14.

4. However, this case was conditionally certified as a collective action months after the deadline to add parties. *See* Doc. 43.

5. The opt-in period did not close in this case until October 12, 2020. *See* Doc. 91.

6. Where, as here, the Court has established a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after that deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." Id. (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

7. Plaintiffs request leave to amend their Complaint to name Opt-In Plaintiff David McDaniel (McDaniel) as a named plaintiff, and to remove Hoeflein as a named plaintiff. A copy of Plaintiffs' proposed Second Amended Complaint is attached as Exhibit 1.

8. Good cause exists for this amendment because although Hoeflein no longer wishes to pursue his claims against Crescent, the 33 Plaintiffs who have filed consents to join this case have a right to continue with their claims.

9. This amendment does not change the substance of Plaintiffs' claims.

10. McDaniel's claims against Crescent are identical to those of Hoeflein.

11. This amendment preserves the structure of the conditionally certified class because McDaniel, like Hoeflein, was staffed to Pioneer.

12. This amendment does not prejudice Crescent, who was already aware of McDaniel's claims. *See* Doc. 61, Plaintiffs' Notice of Filing Consent.

## RELIEF REQUESTED

Accordingly, Plaintiffs respectfully request the Court grant them leave to file their attached Second Amended Complaint.

Dated: November 20, 2020.

                                                Respectfully submitted,

                                                **BRUCKNER BURCH PLLC**

By: **/s/ David I. Moulton**
      **Richard J. (Rex) Burch**
      Texas Bar No. 24001807
      **David I. Moulton**
      Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@bruckner burch.com
dmoulton@brucknerburch.com

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS MEMBERS**

**CERTIFICATE OF CONFERENCE**

I hereby certify that prior to filing the instant Motion, I conferred with defense counsel regarding the relief requested herein. Counsel for Defendants indicated that Crescent is opposed to the requested relief.

       **/s/ David I. Moulton**
       _____
       David I. Moulton

**CERTIFICATE OF SERVICE**

This is to certify that on November 20, 2020, a copy of the foregoing was served on all parties via the Court's ECF System.

       **/s/ David I. Moulton**
       _____
       David I. Moulton