IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL SOLIS III, individually and on behalf of himself and all others similarly situated, | § § § § § § § § § § § § § § | SA-19-CV-01194-FB |
| *Plaintiffs,* | | |
| vs. | | |
| CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., | | |
| *Defendants.* | | |

## **ORDER**

Before the Court in the above-styled cause of action are the following motions: (1) Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Opposed Motion to Compel Discovery [#106], Plaintiffs' Motion for Leave to Amend Complaint [#109], and Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Opposed Motion to Extend the Time to Respond to Plaintiffs' Motion to Amend Complaint [#110]. The Court held a hearing on the motions on December 4, 2020, at which all parties appeared telephonically through counsel. Two additional motions are pending that were not yet ripe at the time of the hearing but were nonetheless briefly addressed by the Court: Plaintiffs' Motion for Protective Order Limiting Crescent's Discovery Requests and Motion for Representative Discovery [#113] and Plaintiffs' Expedited Motion for Protective Order and/or to Quash Defendants' Subpoenas to Plaintiffs' Companies and Former Employees [#114]. At the close of the hearing, the Court issued various oral rulings, which it now memorializes with this written Order.

1

## I. Defendants' Motion to Compel Discovery [#106]

This case is a certified collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). By their motion, Defendants seek an order compelling more complete discovery responses from the two named Plaintiffs in this case, Fritz John Hoeflein, III, and Raul Solis, III. After the Court's hearing, Plaintiffs filed a Notice of Dismissal of Hoeflein from this suit [#119]. Accordingly, Defendants' motion to compel discovery now only concerns the allegedly insufficient discovery responses of Plaintiff Solis.

Prior to the Court's hearing, the parties were able to resolve some of their disputes regarding the outstanding requests for production and interrogatories. The parties still requested Court intervention with respect to Interrogatories 15 and 16 and Requests for Production 5, 6, 12, 29, 34 and 35.

### A.   Interrogatories 15 and 16 and Requests for Production 5, 6, and 29

The majority of this outstanding discovery is sought for purposes of evaluating Plaintiff's claim that he was employed by Defendants as an employee rather than engaged as an independent contractor. Interrogatories 15 and 16 ask Plaintiff to describe his attempts to obtain other work and income and to list other work, including self-employment, from August 26, 2016 to the present (the limitations period for this lawsuit). Requests for Production 5 and 6 seek documents relating to work Plaintiff performed for any entity other than Defendants and documents concerning any compensation or income received during the limitations period. Request for Production 29 seeks all tax returns, receipts, check stubs, and IRS forms, received or filed by Plaintiff or any business controlled by Plaintiff from January 1, 2016 to the present. As to all of these requests and interrogatories, Plaintiff objects to providing any information or documents related to work or income outside of the oilfield industry and outside of the time

period in which Plaintiff performed work for Defendants. The Court will overrule these objections and require Plaintiff to respond to the discovery as requested.

In evaluating whether a worker is an employee or independent contractor, the Fifth Circuit applies the "economic realities test" and considers various factors, such as the degree of control exercised by the employer and the degree to which the worker's opportunity for profit or loss is determined by the employer. *See United States v. Silk*, 331 U.S. 704 (1947); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019). In *Parrish*, an FLSA action also involving a dispute over employee versus independent contractor status, the Fifth Circuit vacated an award of summary judgment for a worker and rendered judgment in favor of the alleged employer based in part on the fact that the plaintiff earned income from his goat farm in between jobs for defendant. 917 F.3d at 384. *See also Thibault v. Bellsouth Telecomms.*, 612 F.3d 843 (5th Cir. 2010) (affirming summary judgment in favor of alleged employer in FLSA action in part based on evidence that worker owned a company that conducted business and generated income in an unrelated industry, which demonstrated his economic independence and his status as independent contractor).

Plaintiff argues that these cases construed the economic reality test too broadly and should have considered the plaintiffs' opportunities for profit and loss only in the "line of business" the worker performed for the alleged employer, which Plaintiff contends is the rule set forth by a prior panel in *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042 (5th Cir. 1987). In support of his argument for this rule, Plaintiff directs the Court to a notice of proposed rulemaking regarding a revision to the Department of Labor's interpretation of independent contractor status under the FLSA and a request for comments. *See* Independent Contractor Status Under the Fair Labor Standards Act, 85 Fed. Reg. 60600-01, at *60606 (Sept. 25, 2020).

In the notice, the Department of Labor criticizes the Fifth Circuit's decision in *Parrish* and takes the position that the economic reality test should ask whether the plaintiff had the opportunity for profit or loss narrowly "in the claimed independent operations," as opposed to in any field or from any source. *Id.* These merits-related arguments will be fleshed out at the summary-judgment or decertification stage and may be relevant to the admissibility of certain evidence at trial. But given the Fifth Circuit's recent decision in *Parrish*, the discovery requested by Defendants is relevant and proportional to the needs of the case under Fifth Circuit precedent interpreting the economic realities test. *See also* Fed. R. Civ. P. 26(b)(1).

The Court will, however, limit the scope of Request for Production 5 in one respect. The request seeks "[a]ll documents relating to your work for, or affiliation with, any person or entity, other than Defendants since August 26, 2016 . . . ." (Discovery Requests [#106-3, #106-5] at 8.) The Court agrees with Plaintiff that the request for "all documents relating to your work . . ." is too broad. Accordingly, the Court will limit this request, such that Plaintiff is only required to produce those documents that demonstrate the nature of Plaintiff's employment relationships or other business/contractor relationships with individuals and entities other than Defendants, such as fee or service agreements, independent contractor agreements, invoices, pay stubs, and job descriptions.

As to Request for Production 29, the Court will order Plaintiff to produce the requested tax returns and related information on or before December 15, 2020, so that Defendants have time to review the information before Plaintiff's upcoming deposition. The production of these records is not overly burdensome, and to the extent that Plaintiff desires to raise arguments as to the relevance of these records, those arguments will go to admissibility at summary judgment or

trial, not discoverability.  Plaintiff should also produce an executed IRS Form 4506 so that Defendants may obtain copies of his tax returns directly from the IRS.

B.      **Request for Production 12**

Defendants seek copies of all communications between Plaintiff and Defendants and Plaintiff and Defendants' clients, including their agents, employees, and independent contractors since September 6, 2016.  Plaintiffs object to this request, arguing that any communications between Plaintiff and other employees of Defendants concerning the FLSA or other employment issues are protected from disclosure by Section 7 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157.  The Court will overrule this objection.

When pressed at the hearing, Plaintiff was unable to provide the Court with any authority that the NLRA's protections related to the right of self-organization and collective bargaining confer privileged status on communications among employees regarding their wage and hour rights and FLSA litigation such that these communications are protected from discovery in an FLSA collective action. The non-binding authorities cited by Plaintiff in his written briefing are inapposite.  For example, in *Grant v. Convergys Corporation*, a case from the Eastern District of Missouri cited by Plaintiff, the Court denied a motion to strike class and collective allegations based on a contractual provision in the plaintiff's employment application attempting to waive class claims, holding that the waiver violated the plaintiff's right to engage in concerted activity protected by the NLRA.  No. 4:12-CV-496(CEJ), 2013 WL 781898, at *3 (E.D. Mo. Mar. 1, 2013).  This case did not concern a discovery dispute or address issues of privilege.

One of the other cases cited by Plaintiff is *Century Restaurant & Buffet v. Century Buffet Grill*, in which the National Labor Relations Board affirmed an ALJ's decision that an employer had committed an unfair labor practice (ULP) when it coercively interrogated employees about

their union-related activities and those of other employers, activities that are protected rights under Section 7 of the NLRA to keep their union activities confidential. 358 NLRB 143, 158 (2012).

There is no doubt that the NLRA confers on employees the right to engage in protected, concerted activity.  And, of course, it would be illegal for an employer to retaliate against an employee for engaging in that activity. If an employer infringes on or interferes with an employee's rights to engage in protected Section 7 rights, the employee can bring a ULP charge with the NLRB.  But none of the authorities cited by Plaintiff establish that communications with other employees are ***privileged from discovery*** in an FLSA collective action if those communications relate to communications about wage and hour rights or FLSA litigation, even assuming those communications could qualify as protected, concerted activity.  The Court will overrule Plaintiffs' objections as to Request for Production 12.

## C. Requests for Production 34 and 35

Requests for Production 34 and 35 seek all itemized records from Plaintiff's cell phone and text messages and all documents relating to Plaintiff's cellular telephonic bills and statements since September 6, 2016.  Defendants argue these records will inform their understanding of Plaintiff's activities during his working hours for Defendants and are relevant to the economic realities test.  Plaintiff argues this request is not proportional to the needs of this case and overly burdensome.  If Plaintiff has possession of these records or is able to retrieve them through his carrier online, it would not be burdensome to produce these requests.  (If neither has the records nor has access to them, then he would not have documents responsive to the request.)  Although the request is not burdensome, it may be unnecessarily intrusive.  Thus, to evaluate whether the records contain information pertinent to the litigation, the Court will

narrow the period of time to the last two full months during which Plaintiff performed work for Defendants. If the information proves to be probative on Plaintiff's employee or independent contractor status, Defendants may request additional records for other time periods.

## II.  Plaintiffs' Motion to Amend [#109] and Defendants' Motion to Extend Time to Respond [#110]

Plaintiff seeks leave of Court to remove Hoeflein as a Plaintiff and to substitute Plaintiff David McDaniel, currently an opt-in Plaintiff, as a named Plaintiff of record. Defendants clarified at the hearing that they do not object to Plaintiff filing a stipulation of the dismissal of Hoeflein from this lawsuit; they only object to allowing McDaniel to be substituted in as a lead plaintiff. As previously stated, Plaintiff filed a stipulation dismissing Hoeflein from this action after the Court's hearing.

Defendants oppose the requested substitution because they allege that Hoeflein never consented to be a named Plaintiff in this suit and was pressured by Plaintiff's counsel to join. Defendants argue that, if this allegation is substantiated by Hoeflein's testimony at his upcoming noticed deposition, the Court never had jurisdiction over the claims of Hoeflein or the opt-in Plaintiffs, who like Hoeflein, were staffed to Pioneer (as opposed to being staffed to Sanchez like Solis). Defendants believe these opt-ins, estimated at 12 to 13 individuals, should be dismissed from this suit. Defendants ask the Court to extend the time for them to respond to the motion for leave to amend until after they have the opportunity to depose Hoeflein.

The Court will grant Defendants' motion and extend the time to respond to the motion for leave to amend until seven days after Hoeflein's deposition. In allowing this extension of time to respond, the Court is not in any way ruling on the substance of Defendants' jurisdictional argument.

### III.  Plaintiff's New Discovery Motions [#113, #114]

Motion #113 seeks a protective order limiting discovery, arguing that the volume of discovery served by Defendants is burdensome.  Plaintiff asks the Court to instead order representative discovery for the class.  Motion #114 asks for a protective order and for an order quashing subpoenas Defendants served on companies in which individual Plaintiffs are the sole shareholders as unduly burdensome.  These motions were not ripe at the time of the hearing.  Defendants' responses to these motions are due on December 9.

At the hearing, the Court also ordered the parties to confer on a discovery plan, including a deposition schedule that includes proposed time limits for the depositions.  The Court suggested to the parties that discovery could be phased as an alternative to representative discovery.  The parties are instructed to file this discovery plan on or before December 12, 2020.  The Court expects the parties to meaningfully confer on the ordered discovery plan and diligently work towards an agreement that would avoid the need for further hearing on the raised issues.

**IT IS THEREFORE ORDERED** that Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Opposed Motion to Compel Discovery [#106] is **GRANTED**.  Plaintiff Solis is ordered on or before December 15, 2020 to respond to Interrogatories 15 and 16 and Requests for Production 5, 6, 12, 29, 34, and 35 with the following qualifications:

- Plaintiff Solis is ordered to respond to Request for Production 5 with documents such as fee or service agreements, independent contractor agreements, invoices, pay stubs, and job descriptions.

- Plaintiff Solis is ordered to respond to Request for Production 34 and 35 but must only produce the requested records for the last full two months that he worked for Defendants at this time.

**IT IS FURTHER ORDERED** that Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Opposed Motion to Extend the Time to Respond to Plaintiffs' Motion to Amend Complaint [#110] is **GRANTED**.  Defendants' response to Plaintiff's motion for leave to amend is due within **seven days** of Hoeflein's deposition.

**IT IS FURTHER ORDERED** that the parties confer and submit a discovery plan to the Court as set forth in this Order on or before **December 12, 2020**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint [#109], Plaintiffs' Motion for Protective Order Limiting Crescent's Discovery Requests and Motion for Representative Discovery [#113], and Plaintiffs' Expedited Motion for Protective Order and/or to Quash Defendants' Subpoenas to Plaintiffs' Companies and Former Employees [#114] are to remain pending.

SIGNED this 9th day of December, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE