IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FRITZ JOHN HOEFLEIN III, RAUL
SOLISIII, AARON AULD, JUAN A.
BUSTAMANTEJR., JESUS E. FLORES,
RON JONES, DAVID MCDANIEL,
MARIO MUNOZ, FERNANDO
RICHARD, LARRY STANLEY, TONY
G. ALANIZ, SHELDON ANDERSON,
MIKE DAFFRON, LUIS GOMEZ,
VICTOR M. JUAREZ, EDWARD SAN
MIGUEL, WILLIAM R. STOLZ, JUAN J.
PENA, AARON ROBERGE, SERGIO
ALVAREZ, ANDIE CRUZ, ROEL
BARRERA, TRACY WOODSON,
HERMAN CRUTCHER, LARRY
WILHELM, TOBY B. LEDOUX, JESSE
VERA, PEDRO GALLEGOS, BRUCE A.
JOHNSON, HANK MOSER, BURTON
BIENVENUE, ROBERT D. TAYLOR,
RYAN BENN, LARRY D.
CHEATWOOD,

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

SA-19-CV-01194-FB

*Plaintiffs,*

§
§
§

vs.

§
§

CRESCENT DRILLING AND
PRODUCTION, INC.,  CRESCENT
DRILLING FOREMAN, INC.,

§
§
§
§
§

*Defendants.*

§

## ORDER

Before the Court in the above-styled cause of action are the following discovery motions:

Plaintiff's Motion for Protective Order Limiting Crescent's Discovery Requests and Motion for

Representative Discovery [#113]; Plaintiffs' Expedited Motion for Protective Order and/or to

Quash Defendants' Subpoenas to Plaintiffs' Companies and Former Employers [#114]; and

Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Motion

for Protective Order and to Quash Subpoenas to Crescent Employees [#125].  In issuing this

Order, the Court has also considered the parties various responses and replies [#121, #122, #127, #128, #129], as well as the parties' proposed Joint Discovery Plan [#126] that was ordered by the Court.

### Plaintiff's Motion for Representative Discovery [#113]

This is a certified collective action seeking unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* By this motion, Plaintiffs argue that the discovery served on the various opt-in Plaintiffs in this case is cumulative, duplicative, burdensome, and disproportionate to the needs of this case. Plaintiffs ask the Court to order representative discovery and to place limits on the number of depositions Defendants can take, the length of those depositions, and the amount of written discovery to be permitted. Plaintiffs propose allowing discovery as to only five out of the approximately 30 members of the class (15%) and limiting depositions to three hours each.

Defendants counter that representative discovery is not appropriate in this case, the resolution of which will turn on individual facts unique to each Plaintiff regarding whether he was properly classified as an independent contractor rather than an employee of Defendants. Defendants believe they should be entitled to proceed with the 15 depositions of various opt-ins that they have noticed and that they should have four hours for each deposition. Defendants point out that the proposed limitations by Plaintiffs would result in less discovery than the default available under the Federal Rules.

The Court will grant Plaintiff's motion in part, limiting the initial number of depositions to 10 at three hours each. The Court will instruct the parties to complete these depositions within one week. If after completing the initial ten depositions, Defendants believe that more are

necessary to support a motion for decertification or for summary judgment or otherwise, they can file a motion for leave to notice additional depositions.

The parties' Joint Discovery Plan indicates that Plaintiffs have agreed to respond to a revised set of interrogatories and requests for production and to endeavor to provide Defendants with those responses by January 30, 2021. Plaintiffs, however, would like the temporal scope of the discovery to be limited to January 1, 2016 to the present, the limitations period for this lawsuit. Defendants seek discovery for the period from January 1, 2011 to the present, arguing that Plaintiffs' working arrangements prior to the statutory period are relevant to whether they were dependent on Defendants for their employment, a factor in the economic realities test used in this Circuit to evaluate employment status. As to Defendants' discovery responses, they have agreed to respond by December 31, 2020, to supplement with additional responsive, nonprivileged documents by January 8, 2021, and to provide all privileged documents requiring redaction no later than January 15, 2021. Plaintiffs ask the Court to order that payroll records sought be provided by the December 31, 2020 deadline. The Court will order that the relevant period for all discovery responses will be January 1, 2015 to December 31, 2020, providing Defendants with one year of information outside of the limitations period on Plaintiffs' employment history and business activities. The Court finds that the request for additional years of information is burdensome and disproportionate and the asserted relevance of this information to be tenuous.

Finally, the parties both ask for an extension of the discovery period to effectuate their agreements and to proceed with the permitted depositions. The current discovery deadline is January 29, 2021. Plaintiffs want an additional 90 days, and Defendants ask for an additional 60 days, if the Court grants leave for them to depose all opt-in Plaintiffs. If the Court does not,

Defendants believe only a 30-day extension is necessary.  The Court will extend discovery for an additional 60 days from January 29, 2021.

### **Plaintiff's Motion for Protective Order and to Quash Subpoenas [#114]**

By this motion, Plaintiffs ask the Court to quash certain third-party subpoenas served on Plaintiffs' former employers and single shareholder corporate entities owned by various opt-in Plaintiffs.  Plaintiffs believe that the subpoenas have been served for the purpose of harassment, threaten their livelihoods and ability to obtain future employment, impose an undue burden, and have resulted in at least one opt-in's withdrawal of consent to proceed in this suit.  Plaintiffs believe Defendants can obtain the same information they seek from these third parties by supplementing their requests for production served directly on Plaintiffs.

Defendants respond that the motion to quash was filed too late—after the deadline for compliance under Rule 45(d)(2)(B)—and is therefore moot.  Defendants also argue that the information they seek is relevant to the economic reality test.  Plaintiffs argue in reply that their motion is timely because Rule 45(d)(2)(B) only applies to objections to a subpoena filed by the third-party on which it is served and not a motion to quash filed by the opposing party, as here, which us governed by Rule 45(d)(3).

The Court will consider Plaintiffs' motion as timely.  Rule 45(d) governs subpoenas.  "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designed in the subpoena a written objection [to the subpoena] . . . . before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).  Plaintiffs are not the persons commanded to produce the documents under the challenged subpoenas, third parties are; nor are Plaintiffs filing objections.  Accordingly, the time limits imposed by Rule 45(d)(2)(B) do not govern.

Rule 45(d)(3) governs motions to quash generally and does not contain a time limit for filing a motion to quash, though it does require that a motion be "timely." Fed. R. Civ. P. 45(d)(3) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . ."). *See also MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018) ("[T]he 14-day requirement to object to a subpoena is not relevant to a motion to quash as subpoena . . . .") (internal quotations and citations omitted). The rules do not define timely, but courts have generally nonetheless required that a motion to quash, to be considered timely, be filed before the date set in the subpoena for compliance. *See id.*

Plaintiffs concede that their motion, which was filed on December 2, 2020, was filed after the latest deadline for compliance with the subpoenas at issue, December 1, 2020. Plaintiffs argue that even if their motion was filed after the deadline for compliance that the Court should excuse the delay because it can be attributed to informal attempts to resolve the issues raised by the subpoenas before turning to the Court for assistance. Plaintiffs cite to several out of Circuit district court cases that have treated motions to quash as timely where the record shows that the parties had been attempting in good faith to resolve their disputes on their own. *See, e.g.*, *Watts Constructors, LLC v. Boneso Bros. Constr., Inc.*, No. 20-MC-00211-EFM, 2020 WL 6544590, at *2 (D. Kan. Nov. 6, 2020); *Hartz Mountain Corp. v. Chanelle Pharm. Veterinary Prod. Mfg. Ltd.*, 235 F.R.D. 535, 536 (D. Me. 2006).

Although the email correspondence attached to Plaintiffs' reply was exchanged in early to mid-November and therefore does not necessarily explain why Plaintiffs were unable to file their motion to quash within the compliance period, the motion was only filed one day beyond that period. The Court will treat the motion as timely filed and address its merits.

The Court notes that Defendants have not argued that Plaintiffs lack standing to pursue their motion to quash regarding the third-party subpoenas.  But even if Plaintiffs do not have standing to argue undue burden on behalf of the third parties, they nevertheless have standing to seek a protective order under Rule 26 and have done so in their motion.  *See* Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order . . . .").  This Court "may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense" under Rule 26(c).

On a motion to quash asserting an undue burden, as here, the moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive.  *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  The moving party must show how the requested discovery is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015).  "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation."  *Wiwa*, 392 F.3d at 818 (internal quotation marks and footnote omitted). To determine whether the subpoena presents an undue burden, this Court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed.  *Id.*  "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party."  *Id.*  Plaintiffs also bear the burden under Rule 26(c) to show that the requested discovery does not fall within the scope of permitted discovery or that

the discovery would impose an undue burden or expense.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).  The Court "must limit the frequency or extent of discovery otherwise allowed under [the Federal Rules] or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from other source that is more convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

The primary basis of Plaintiffs' objection to the discovery is that Plaintiffs and their single shareholder corporate entities are essentially the same, and therefore Defendants are seeking duplicative discovery once through requests to Plaintiffs and again through the subpoenas to their corporate entities.  Additionally, Plaintiffs are concerned that in sending the subpoenas to the third parties, Defendants are actually sending the subpoenas directly to Plaintiffs as shareholders of the corporate entities and directly encouraging Plaintiffs, represented parties, to contact Defendants' counsel.  Plaintiffs are also concerned about the effect of serving subpoenas on Plaintiffs' former employers and the ability of Plaintiffs to find future employment in their field if their involvement in this litigation is known and their possible future employers are burdened with the expense of producing the discovery requested.

As to the corporate subpoenas, the Court finds Plaintiffs' motion to be without merit.  These subpoenas request documents related to business formation, tax documents, bank statements, financial statements, and documents showing wages and salaries.  (*See, e.g.*, Subpoena [#114-1] at 7.)  This information is relevant to the economic realities test, which considers in part the degree to which the worker's opportunity for profit or loss is determined by the employer.  *See United States v. Silk*, 331 U.S. 704 (1947); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369 (5th Cir. 2019).  If the discovery is duplicative of documents already

produced through responses to Defendants' requests for production served on Plaintiffs, then the third-parties can simply respond to that effect.  Plaintiffs, as the single shareholders of these corporate entities, will have knowledge of whether or not they have already produced the requested documents, and it is not an undue burden to require them to answer accordingly.

As to the subpoenas served on Plaintiffs' former employers, these subpoenas seek "all documents" related to the respective Plaintiffs' employment or contractual relationship with the former employer, such as resumes, applications, time cards, compensation documents, pay stubs, payroll records, and Forms 1099 and W-2, as well as all emails, correspondence, or text messages regarding projects worked on by the opt-in Plaintiff and pay.  (Subpoena [#114-2] at 12.)  The Court finds the request for email, text message, and other correspondence to be burdensome, considering that these are third parties not otherwise involved in this lawsuit and that the correspondence may not ultimately contain relevant information.  Most of the former employers have likely already responded to the subpoenas, as the date for compliance has passed, but to the extent they have not, they need not produce these documents, and Defendants may not send additional subpoenas requesting this breadth of information.

The other documents requested are those typically found in an employee file, if there is one, or can be obtained with much less burden to the third parties.  These documents, such as applications/resumes, timecards, pay stubs, payroll records, W-2s, and 1099s, are reasonable requests that are relevant to the economic realities analysis.  These documents will provide Defendants with information regarding Plaintiffs' opportunities for profit and loss and could demonstrate a history of activity consistent with one who is in business for himself as an independent contractor.   The Court will permit Defendants to seek these documents from the subpoenaed third parties.

### Defendants' Motion for Protective Order and
### to Quash Subpoenas to Crescent's Employees [#125]

Defendants' motion asks the Court to quash the subpoenas of 23 of Defendants' employees, arguing that the information obtained in these subpoenas could be obtained from Defendants themselves.  Defendants ask the Court to sanction Plaintiffs for bad faith conduct in serving the subpoenas, which were served only in an attempt to harass Defendants, by ordering Plaintiffs to bear the costs associated with the filing of Defendants' motion.

First, the Court finds that Defendants have standing to challenge these subpoenas as the employer of those receiving the subpoenas related to work for Defendants.  The subpoenas seek extensive documents from each subpoenaed employee:  (1) documents reflecting the employee's personal cellular, mobile, and land line telephone calling and text activity during the relevant time period; (2) documents containing communications, including text messages, between the employee and any other employee of Defendants about pay practices or pay policies that pertain to any Plaintiff; (3) documents containing communications between the employee and any other employee or agent of Pioneer or Sanchez regarding any Plaintiff's services; (4) all documents containing communications between the employee and any Plaintiffs regarding this lawsuit; (5) all documents containing names and contact information for all employees of Defendants who typically work in the same building or campus as the employee; (6) all documents reflecting communications between the employee and Plaintiffs regarding any services Pioneer or Sanchez received from Defendants; and (7) all documents reflecting communications between the employee and Plaintiffs' companies regarding services or workers Pioneer or Sanchez received from Defendants.  (Subpoena [#125-1] at 12–13.)  According to Defendants, these document requests were served on Defendants' general counsel, CEO, administrative assistants, and even interns.

Plaintiffs contend that all of these categories of documents are relevant to the economic realities test, and that Defendants themselves have refused to produce these documents, despite discovery requests served as early as February 3, 2020.  Given the foregoing, and the fact that Defendants have not yet filed their reply, the Court will take this motion under advisement and address it at the scheduled status conference on January 12, 2021.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order Limiting Crescent's Discovery Requests and Motion for Representative Discovery [#113] is **GRANTED IN PART** as follows:

- Defendants are limited to **10 depositions at three hours** each.
- The relevant period for Plaintiffs' responses to the revised interrogatories and requests for production is **January 1, 2015 to December 30, 2020.**
- The discovery period is extended to **March 30, 2021**.

**IT IS FURTHER ORDERED** that Plaintiffs' Expedited Motion for Protective Order and/or to Quash Defendants' Subpoenas to Plaintiffs' Companies and Former Employers [#114] is **GRANTED IN PART** as follows:

- Plaintiffs' former employers are not required to produce the emails, correspondence, or text messages requested in Defendants' subpoenas.

**IT IS FINALLY ORDERED** that Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Motion for Protective Order and to Quash Subpoenas to Crescent Employees [#125] is taken under advisement to be addressed at the Court's January 12, 2021 status conference.

SIGNED this 23rd day of December, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE