IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL SOLIS III, AARON AULD, JUAN A. BUSTAMANTE JR., JESUS E. FLORES, RON JONES, DAVID MCDANIEL, MARIO MUNOZ, FERNANDO RICHARD, LARRY STANLEY, TONY G. ALANIZ, SHELDON ANDERSON, MIKE DAFFRON, LUIS GOMEZ, VICTOR M. JUAREZ, EDWARD SAN MIGUEL, WILLIAM R. STOLZ, JUAN J. PENA, AARON ROBERGE, SERGIO ALVAREZ, ANDIE CRUZ, ROEL BARRERA, TRACY WOODSON, HERMAN CRUTCHER, LARRY WILHELM, TOBY B. LEDOUX, JESSE VERA, PEDRO GALLEGOS, BRUCE A. JOHNSON, HANK MOSER, BURTON BIENVENUE, ROBERT D. TAYLOR, RYAN BENN, LARRY D. CHEATWOOD, | § § § § § § § § § § § § § § § § § § § § | SA-19-CV-01194-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are the following two motions: Plaintiffs' Motion for Leave to Amend Complaint [#109] and Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Motion for Protective Order and to Quash Subpoenas to Crescent Employees [#125]. The parties have also asked for the Court's assistance in resolving a dispute regarding the location of the deposition of Plaintiff Raul Solis, III. The Court held a conference on January 12, 2021, at which counsel for all parties appeared

1

telephonically, to address the motions and disputes underlying them. For the reasons that follow, the Court will grant Plaintiff leave to amend, grant Defendants' motion to quash, and order the parties to resolve their dispute regarding Solis's deposition without this Court's intervention.

## I. Motion for Leave to Amend

This case is a certified collective action under the Fair Labor Standards Act ("FLSA"). By their motion, Plaintiffs ask the Court for leave to file a Second Amended Complaint to replace lead Plaintiff Fritz John Hoeflein, III, who has recently withdrawn his consent to participate in this case, with opt-in Plaintiff David McDaniel. Plaintiffs attach to the motion a copy of the proposed amended pleading [#109-1].

Under the governing Scheduling Order [#14], the deadline to amend pleadings expired on February 28, 2020. Because the amendment period has expired, Federal Rule of Civil Procedure 16(b)'s good cause standard governs Plaintiffs' request for leave, rather than Rule 15's liberal amendment standard. Under Rule 16(b), a party seeking to modify a scheduling order must show good cause. Fed. R. Civ. P. 16(b); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). This standard focuses on the diligence of the party asking the Court to modify the scheduling order. *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright & Miller § 1522.1 at 231 (2d ed. 1990)). To demonstrate good cause, the movant must show that, despite diligence, he could not have reasonably met the scheduling deadline. 6a Wright & Miller § 1522.1 at 231 (2d ed. 1990). This Court considers the following factors in deciding a request for leave under Rule 16: (1) the explanation for the failure to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.*, 315 F.3d at 535.

telephonically, to address the motions and disputes underlying them. For the reasons that follow, the Court will grant Plaintiff leave to amend, grant Defendants' motion to quash, and order the parties to resolve their dispute regarding Solis's deposition without this Court's intervention.

## I. Motion for Leave to Amend

This case is a certified collective action under the Fair Labor Standards Act ("FLSA"). By their motion, Plaintiffs ask the Court for leave to file a Second Amended Complaint to replace lead Plaintiff Fritz John Hoeflein, III, who has recently withdrawn his consent to participate in this case, with opt-in Plaintiff David McDaniel. Plaintiffs attach to the motion a copy of the proposed amended pleading [#109-1].

Under the governing Scheduling Order [#14], the deadline to amend pleadings expired on February 28, 2020. Because the amendment period has expired, Federal Rule of Civil Procedure 16(b)'s good cause standard governs Plaintiffs' request for leave, rather than Rule 15's liberal amendment standard. Under Rule 16(b), a party seeking to modify a scheduling order must show good cause. Fed. R. Civ. P. 16(b); *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). This standard focuses on the diligence of the party asking the Court to modify the scheduling order. *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Wright & Miller § 1522.1 at 231 (2d ed. 1990)). To demonstrate good cause, the movant must show that, despite diligence, he could not have reasonably met the scheduling deadline. 6a Wright & Miller § 1522.1 at 231 (2d ed. 1990). This Court considers the following factors in deciding a request for leave under Rule 16: (1) the explanation for the failure to timely move to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *S & W Enters.*, 315 F.3d at 535.

The Court finds good cause for the amendment. The certified class of Plaintiffs in this case includes "all oilfield workers who provided services to or on behalf of [Defendants] during the past 3 years who were classified as independent contractors and paid a day-rate basis with no overtime." (Order Certifying Collective Action [#43] at 3.) This class includes two categories of oilfield workers providing services to Defendants—those who were staffed to work for Pioneer Natural Resources ("Pioneer") and those who were staffed to work for Sanchez Oil & Gas ("Sanchez"). Before Hoeflein withdrew his consent to participate in this collective action, he was one of two lead Plaintiffs, alongside Raul Solis, III. Hoeflein was staffed to Pioneer and represented the claims of the opt-in Plaintiffs who were also staffed to Pioneer; Solis was staffed to Sanchez and continues to represent the claims of the opt-in Plaintiffs who were staffed to Sanchez. According to Plaintiffs, there are 33 opt-in Plaintiffs who have filed consents to join this suit and who, like Hoeflein, were staffed to Pioneer. McDaniel, the proposed new lead Plaintiff, is one of those opt-ins and would represent the claims of the Pioneer sub-set of the certified class.

Under these circumstances, Plaintiffs have established the importance of the amendment. *See S & W Enters.*, 315 F.3d at 535. Indeed, courts routinely permit substitutions of named Plaintiffs in FLSA collective actions to ensure the claims at issue can move forward. *See, e.g.*, *Carter v. Countrywide Credit Indus., Inc.*, 189 F. Supp. 2d 606, 621 (N.D. Tex. 2002) (allowing 30 days to substitute new named plaintiff in FLSA collective action where court determined that existing named plaintiffs had signed arbitration agreements and were no longer proceeding in the suit). The Pioneer opt-ins will be significantly prejudiced by a denial of Plaintiffs' requested amendment.

Plaintiffs have also provided the Court with a sufficient explanation for their failure to seek amendment prior to the expiration of the period to do so under the Scheduling Order. Hoeflein testified in this deposition that he did not inform his attorneys of his intent to withdraw from this suit until July or August 2020, five or six months after the close of the amendment period.  (Hoeflein Dep. [#135-4] at 31:22–33:6.)  It was not practicable for Plaintiffs to pursue a substitution within the Scheduling Order's deadline.  Defendants nonetheless fault Plaintiffs with waiting until November 20, 2020 to file their motion, when they were aware of Hoeflein's withdrawal of consent months earlier.  Defendants have not explained to the Court how Plaintiffs' three-month delay in requesting a mere substitution of a named Plaintiff caused them harm.

Defendants have advanced, however, a substantive argument that allowing the amendment would cause them prejudice, regardless of the timing of when the amendment was requested or granted.  Defendants contend that they would be prejudiced in preparing a defense in this case if McDaniel is permitted to proceed as a lead Plaintiff, as McDaniel does not satisfy the class definition and is not similarly situated to Hoeflein or the opt-in Plaintiffs he seeks to represent.  Hoeflein testified in his deposition that McDaniel worked as a "computer guy" for Pioneer, not as an oilfield worker.  (Hoeflein Dep. [#135-4] at 79:11–80:7.)  According to Hoeflein, McDaniel was responsible for the maintenance of industry software, worked exclusively in an office "in town," and only visited the well site if called to address a computer issue.  (*Id.*)  Defendants argue that McDaniel was therefore not an "oilfield worker" under the class definition and would be subject to entirely different defenses than the other Pioneer opt-ins. Plaintiffs counter that McDaniel, regardless of his job title, was included in the Notice List Defendants produced in this case as to the class members and has opted into this suit.

If Hoeflein's characterization of McDaniel's job duties is accurate, Plaintiffs' selection of McDaniel as a lead Plaintiff is indeed questionable. But ultimately it will not be Defendants who are prejudiced by this selection; it will be Plaintiffs. With McDaniel as a lead Plaintiff, Defendants would have a strong argument for decertification, and the type of significant differences between the job duties of the various opt-in Plaintiffs ultimately makes Plaintiffs' prosecution of this case more difficult. Defendants conceded at the Court's status conference that Plaintiffs' case would be damaged more than their defense if the substitution is permitted.[1]

In summary, because Plaintiffs have established good cause for the requested amendment, the Court will grant them leave to substitute McDaniel for Hoeflein as a lead Plaintiff in this case and will direct the Clerk to docket the proposed Second Amended Complaint.

## II.  Motion to Quash Subpoenas

By their motion, Defendants ask the Court to quash various third-party subpoenas issued to a number of Defendants' employees pursuant to Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure. Rule 45 provides that a subpoena may be served on a non-party requiring that person to, among other things, produce designated documents in their possession. Fed. R. Civ. P. 45(a). Rule 45(d) allows for the filing of a motion to quash such a subpoena. The court must quash or modify a subpoena that subjects a person to undue burden. *Id.* at 45(d)(3). In

---

[1] The Court notes that on the day of the conference, the Fifth Circuit issued an opinion significantly altering the approach this Court must take in determining whether to issue collective notice of an FLSA action, doing away with the two-step approach of certification and decertification that this Court has consistently employed and did employ in this case, and requiring a more rigorous fact-intensive similarly situated inquiry before the issuance of notice and collective treatment. *See Swales v. KLLM Transport Servs., L.L.C.*, ---F.3d.---, 2021 WL 98229 (5th Cir. 2021). The Court notes that under the new rubric, McDaniel may not have even received notice of this lawsuit. Yet, he is a current opt-in Plaintiff in this case. The affect of the *Swales* decision on this case and other pending collective actions remains to be determined.

evaluating whether a subpoena imposes an undue burden, courts in the Fifth Circuit consider the following factors: (1) relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). When the target of the subpoena is a non-party, the court may also consider the expense and inconvenience caused by the subpoenas. *Id.* Additionally, this Court may limit the scope of discovery if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). On a motion to quash, the moving party bears the burden of demonstrating that compliance would be unreasonable or oppressive. *Wiwa*, 392 F.3d at 818.

The subpoenas at issue were served on 23 employees of Defendants, ranging from general counsel to executive officers and project managers, as well as administrative assistants and even interns. (*See* Subpoenas [#125-1] at 6, 14, 22, 78, 86.) The subpoenas seek a broad range of documents, including the following, among other things:

- All "documents reflecting [the employee's] personal cellular, mobile, and land line telephone calling and text activity during the relevant time period";

- All "documents containing all communications between [the employee] and any [Crescent employee] about pay practices, independent contractor classification, or pay policies that pertain to any Plaintiff, including text messages between each other";

- All "documents reflecting communications between [the employee] and any employee or agent of [Pioneer or Sanchez] regarding Plaintiffs' services, including any initiation and termination of services, work performance, and communications about whether Plaintiffs were asked, assigned, or directed to work during the relevant time period";

- All "documents containing the names, telephone numbers, email addresses, and physical work addresses of all employees of Crescent who typically work in the same building or campus as [the employee], including phone directories, signature blocks, letterhead, and resumes"; and

- All "documents reflecting communications between [the employee] and Plaintiffs' companies regarding services or workers [Pioneer or Sanchez] received from Crescent during the relevant time period.

(Subpoenas [#125-1] at 12–13.)

Defendants challenge both the breadth of the subpoenas and the burden associated with compliance.[2] Defendants argue that the subpoenas were issued to all levels of employees, regardless of their likelihood of having any personal knowledge regarding the wage-and-hour claims at issue in this suit and Plaintiffs' status as independent contractors or employees, and seek an enormous universe of information that is not closely tethered to the discoverable information these individuals are likely to possess. Defendants further argue that the subpoenas impose unreasonable burdens on Defendants' employees, who among other things are being asked to cull their personal cellular, text, and e-mail records for a three-year period, when all of the requested documents could be obtained directly from Defendants through less intrusive means. Defendants believe that the subpoenas were served solely for the purpose of harassment and ask the Court to sanction Plaintiffs for their bad faith conduct in issuing them.

Plaintiffs' response to Defendants' motion is exceedingly brief and does not address the majority of arguments raised by Defendants. The only argument advanced is that Plaintiffs had no choice but to subpoena the various employees of Defendants because Defendants have refused to produce the documents themselves, despite numerous discovery requests as early as February 2020. Defendants counter that within the weeks surrounding the filing of Plaintiffs'

---

[2] Defendants assert in their motion that they have standing to challenge subpoenas issued to their employees for documents related to their work for Defendants. Plaintiffs do not address this argument in their response or otherwise challenge Defendants' standing. The Court finds that Defendants do have standing to challenge the subpoenas, as Defendants have a personal right with regard to the documents sought. *See* 9A Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 2459 (3d ed.).

motion there were a number of supplemental document productions by Defendants in response to outstanding discovery, including 4,300 additional documents produced in late December.  At the Court's status conference, Plaintiffs acknowledged that they had in fact recently received a significant supplemental production they were still in the process of reviewing.

There have been numerous discovery disputes in this case, and the Court recently extended the discovery period to March 30, 2021 to allow for additional depositions and the exchange of written discovery [#133].  Although Plaintiffs have repeatedly claimed that Defendants have withheld relevant documents, there is no currently pending motion to compel related to any outstanding requests for production related to the documents sought through the subpoenas at issue.  There is no impediment to Plaintiffs seeking these documents from Defendants and moving to compel compliance before the expiration of the discovery period if relevant documents are not produced.  The Court also has significant concerns about the scope and breadth of the subpoenas, and particularly the ability for Plaintiffs to bypass Defendants' counsel's review of the requested documents for privilege prior to production.  Plaintiffs have not responded to the arguments addressing this issue in Defendants' motion.

In summary, the Court finds that less intrusive means are available to obtain relevant documents related to Plaintiffs' employment and Defendants' pay practices, and the Court will grant the motion to quash.  The Court, however, declines to issue sanctions against Plaintiffs for issuing the subpoenas.

### III.  Solis Deposition

The parties asked the Court for a status conference to address a dispute regarding the location of Solis's deposition.  Solis was noticed to appear for his deposition at the office of Defendants' counsel.  Plaintiffs refused to produce Solis for his deposition at the office or at the

office of Defendants' court reporter and instead demanded that the deposition occur in a hotel room. Plaintiffs produced Solis for the deposition in the hotel room, and Defendants canceled the deposition at the last minute. The parties want the Court to determine whether the deposition should occur at Defendants' offices, the court reporter's office, a hotel room, or some other location. The Court will not insert itself in this petty dispute, which the parties have the ability to resolve on their own.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint [#109] is **GRANTED** and the Clerk is directed to docket Plaintiffs' Second Amended Complaint attached to their motion [#109-1].

**IT IS FURTHER ORDERED** that Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc.'s Motion for Protective Order and to Quash Subpoenas to Crescent Employees [#125] is **GRANTED** as set forth herein.

**IT IS FINALLY ORDERED** that the parties confer and reach compromises necessary to ensure the completion of Solis's deposition.

SIGNED this 14th day of January, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE