IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RAUL SOLIS III, AARON AULD, JUAN §
A. BUSTAMANTE JR., JESUS E. §
FLORES, RON JONES, DAVID §            SA-19-CV-01194-FB
MCDANIEL, MARIO MUNOZ, §
FERNANDO RICHARD, LARRY §
STANLEY, TONY G. ALANIZ, §
SHELDON ANDERSON, MIKE §
DAFFRON, LUIS GOMEZ, VICTOR M. §
JUAREZ, EDWARD SAN MIGUEL, §
WILLIAM R. STOLZ, JUAN J. PENA, §
AARON ROBERGE, SERGIO §
ALVAREZ, ANDIE CRUZ, ROEL §
BARRERA, TRACY WOODSON, §
HERMAN CRUTCHER, LARRY §
WILHELM, TOBY B. LEDOUX, JESSE §
VERA, PEDRO GALLEGOS, BRUCE A. §
JOHNSON, HANK MOSER, BURTON §
BIENVENUE, ROBERT D. TAYLOR, §
RYAN BENN, LARRY D. §
CHEATWOOD, §
§
        *Plaintiffs,* §
§
vs. §
§
CRESCENT DRILLING AND §
PRODUCTION, INC.,  CRESCENT §
DRILLING FOREMAN, INC., §
§
        *Defendants.* §

**<u>ORDER</u>**

Before the Court in the above-styled cause of action are the following three motions:

Defendants' Opposed Motion to Compel Discovery and for Sanctions [#148]; Plaintiffs'

Opposed Motion to Extend Response Deadline [#154]; and Plaintiffs' Motion to Quash

Deposition Notices for David McDaniel, Luis Gomez, and Andie Cruz [#156].  The Court held a

hearing on February 22, 2021, at which counsel for all parties appeared telephonically, to address

the motions and disputes underlying them.  For the reasons that follow, the Court will grant in part Defendants' motion to compel discovery and dismiss as moot Plaintiffs' motions.

This is a certified collective action arising under the Fair Labor Standards Act, 29 U.S.C. 216, *et seq.* ("FLSA"), to recover unpaid overtime compensation.  The parties continue to have disagreements regarding the outstanding discovery in this case.  On December 23, 2020, the Court ordered the parties to engage in representative discovery, limiting Defendants to ten depositions at three hours each and ordering that the discovery period be extended to March 30, 2021.  (Order [#133].)   The parties had agreed to a discovery plan in which Plaintiffs were to respond to a revised and more streamlined set of interrogatories and requests for production by January 30, 2021.  (Discovery Plan [#126] at 1.)

Defendants have filed a motion to compel discovery, arguing that Plaintiffs are in violation of the parties' agreement because they have not produced tax returns and other requested documents needed to proceed with the depositions of various opt-in Plaintiffs scheduled for the weeks of February 22 and March 1.   Defendants ask the Court to compel the production of the missing documents so that the depositions can be held as scheduled. Defendants also ask the Court to sanction Plaintiffs by requiring them to pay the expenses incurred by Defendants in filing their motion.  If Plaintiffs cannot comply with the new discovery deadline ordered by the Court, Defendants ask these Plaintiffs' claims to be dismissed.

Prior to the hearing, the parties filed a joint advisory as directed by the Court, which divides the opt-in Plaintiffs into five groups, from those who have produced almost all documents to those who have produced nothing to date.  Central to the parties' dispute are requested tax returns for each opt-in Plaintiff.  Of the Plaintiffs at issue, some have executed tax return release authorization forms, but none have produced the tax returns themselves.

According to the advisory, Plaintiffs' counsel has been unsuccessful in their attempts to contact some of the opt-in Plaintiffs and request 30 additional days to provide Defendants with the requested production.

In response to the motion, Plaintiffs filed a request for an extension of time to file a response, as well as a motion to quash the deposition notices of David McDaniel, Luis Gomez, and Andie Cruz, three of the Plaintiffs who have not been in communication with counsel and for whom obtaining the discovery has been particularly difficult.  Plaintiffs' motion to quash indicates that Defendants have agreed to cancel all of the depositions scheduled over the next two weeks except for the depositions of Raul Solis (for whom there is no outstanding discovery), McDaniel, Gomez, and Cruz.

The Court will grant Defendants' motion to compel in part.  Defendants move for an order compelling the production of outstanding discovery pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Rule 37(a) allows a party to move to compel a discovery response if a party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(iv).  If the motion is granted, a court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  *See id.* at 37(a)(5)(A).  But the Court must not order the payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.  *Id.*

The Court will grant Defendants' motion to compel and extend the deadline to produce the requested documents as follows:

3

- For the five Plaintiffs who are to be deposed and have already provided their tax return release authorization forms, Defendants should notice their depositions within three weeks of when Defendants receive the outstanding tax returns;

- For the five Plaintiffs who are to be deposed but have not yet provided their authorization forms, they must do so within two weeks or face dismissal of their claims pursuant to Rule 37 and/or for failure to prosecute under Rule 41(b);

- For the remaining Plaintiffs who will not be deposed and have not yet provided their authorization forms, they must also do so within two weeks or face dismissal of their claims pursuant to Rule 37 and/or for failure to prosecute under Rule 41(b).

As these orders resolve the issues related to both the noticed depositions and the outstanding discovery, the Court will dismiss as moot Plaintiffs' motion to quash.  The Court will also dismiss as moot Plaintiffs' motion for an extension of time to respond to the motion to compel, as the motion has been resolved and a written response is no longer needed.

The Court will, however, deny Plaintiffs' request for fees associated with the filing of the motion to compel, as the Court finds that the award of expenses would be unjust under the circumstances and because Defendants did not attempt to resolve these matters in good faith prior to filing the motion.  Although Defendants continue to insist on the need to complete discovery by the current deadline, they also contend they do not wish to conduct the depositions until they have the tax returns for the parties who will be deposed.  These discovery disputes have arisen amid a global pandemic, which is making communication and exchanging information more difficult for everyone.  Also, last week, the entire State of Texas shut down due to an unprecedented winter storm that wreaked havoc on the State's power grid and water supply.  If ever a time called for counsel to engage wholeheartedly in finding cooperative, creative solutions to resolve discovery disputes as opposed to turning to aggressive motions practice, now is that time. The solutions imposed by this Order could have been reached by agreement of the parties, as Defendants are still waiting for the IRS to respond to the transcript

requests and do not desire to conduct depositions until they have the tax returns.  Plaintiffs are warned, however, that failure to comply with this Order could result in the imposition of fees in addition to the dismissal explained above and that counsel for Plaintiffs must make all reasonable efforts to expeditiously comply without outstanding discovery requests and produce their clients for depositions.

**IT IS THEREFORE ORDERED** that Defendants' Opposed Motion to Compel Discovery and for Sanctions [#148] is **GRANTED IN PART** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Opposed Motion to Extend Response Deadline [#154] is **DISMISSED AS MOOT**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Quash Deposition Notices for David McDaniel, Luis Gomez, and Andie Cruz [#156] is **DISMISSED AS MOOT**.

SIGNED this 22nd day of February, 2021.

_____

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE