IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL SOLIS, III, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CRESCENT DRILLING AND PRODUCTION, INC. and CRESCENT DRILLING FOREMAN, INC.,<br><br>    Defendants. | Civ. Action No.<br>5:19-cv-01194-FB-ESC |

**DEFENDANTS CRESCENT DRILLING AND PRODUCTION, INC.
AND CRESCENT DRILLING FOREMAN, INC.'S
OPPOSED MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iv), Defendants Crescent Drilling and Production, Inc. and Crescent Drilling and Foreman, Inc. (individually and collectively, "Crescent") file this Opposed Motion to Compel Discovery (the "Motion"). More specifically, Crescent seeks the address of the farm owned and operated by Opt-in Victor Manual Juarez ("Juarez"), which he used to offset the income he generated through his consulting work for Crescent, and is directly related to one the "profit and loss" factor of the independent contractor test based on binding Fifth Circuit authority.

**I.    BACKGROUND.**

This case involves claims brought under the Fair Labor Standards Act ("FLSA"), and allegations that certain workers were misclassified by Crescent as independent contractors. (*See* Doc. No. 142, Second Am. Compl. ¶¶ 6-7.) Crescent deposed Juarez on January 19, 2022. During Juarez's deposition, Juarez testified that in 2016 he deducted losses from a farm, which he runs, on his tax returns. (*See* Ex. 1, Tr. of Juarez Dep. at 55:11-55:24.) As a result of these losses,

1

Juarez was able to report only earning $5,510 in taxable income, despite generating around $70,000 in income through his oilfield consulting business. (*Id*. at 62:25-63:12.) Similarly, in 2017, 2018, and 2019, Juarez listed losses on his farm, which also generated revenue, and used these losses to offset the income he received through his oilfield consulting business. (*Id*. at 64:16-64:18, 79:22-83:12, 91:19-96:10.)

At his deposition, Juarez was unable to explain the meaning of some of his deductions listed on his tax returns. For example, on his 2017 tax returns, he listed $13,159 for repairs and maintenance and $15,657 for supplies, but could not explain the specifics associated with these amounts. (*Id*. at 68:24-69:22.)

Despite Juarez clearly running his farm as a business collectively with his consulting business (hence, he offset his consulting income with losses from his farm to reduce his tax liability), **he refused** to provide the address of his farm—thus, precluding Crescent from being able to subpoena his farm for critical business records.

> Q. Can you tell me the address for the farm?
>
> A. Am I supposed to say that? Say the address?
>
> Q. Yeah.
>
> A. I mean, I'm not going to say it.
>
> Q. Is there any reason why you're not going to tell me the address?
>
> A. No. That's my personal ranch. I mean . . . .
>
> Mr. Smith: So you're willing to tell me your home address were you live, but you're not willing [to] tell me the address for your farm that we're talking about?
>
> The Witness: Correct.
>
> Mr. Smith: And, Dave [opposing counsel], are you going to allow him not to answer?

    Mr. Moulton:  Yes.

    Mr. Smith:    We'll bring that up with the Court.

(*Id*. at 64:21-66:6.)

Juarez subsequently testified that he did not remember the address of his farm, which is quite remarkable . (*Id*. at 106:6-106:19.) In other words, despite acknowledging that he has driven from his house to the farm (*id*.), he nonetheless could not remember the address of his farm, which he has used to offset tens of thousands of dollars of income each year since at least 2017.

**II.**    **ARGUMENT.**

    **A.**    **Juarez Should be Compelled to Disclose the Address of His Farm.**

The Federal Rules of Civil Procedure allow for motions to compel responses to discovery where the opposing party "fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B)(i). "The Fifth Circuit requires a party who objects to discovery to specifically show how each request for production is burdensome or irrelevant." *Alex v. KHG Of San Antonio, L.L.C.*, No. SA-13-CA-728-OLG, 2014 WL 12489735, at *2 (W.D. Tex. Aug. 6, 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

It is beyond cavil that profits and losses sustained from businesses overseen by putative employees—even if those businesses are otherwise unconnected with their work for the putative employer—are highly relevant in determining whether they were properly classified as independent contractors. *See Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 384 (5th Cir. 2019); *Thibault v. Bellsouth Telecommunications, Inc.*, 612 F.3d 843, 849 (5th Cir. 2010); *Carrell v. Sunland Constr., Inc.*, 998 F.2d 330, 332 (5th Cir. 1993). Indeed, in *Parrish*, the Fifth Circuit found it relevant that plaintiff Ellestad offset his profits earned from the putative employer with losses from his "goat farm." 917 F.3d at 384.

3

Here, just like plaintiff Ellestad in *Parrish*, Juarez offset his earnings generated from his consulting work from a farm he oversaw and ran. *See id*. But tax returns do not tell the whole story, especially because Juarez was unable to explain his deductions. (*See* Ex. 1 at 68-69.) For example, they do not shed light on *how* Juarez ran his farm business, which financial and business records would provide. This is significant as the Fifth Circuit observed in *Thibault*: "*When* [the plaintiff] worked as a splicer, he *also* oversaw K & L Sales operations and its multiple employees. As the owner of K & L Sales, Thibault routinely contracted with product manufacturers, customers, and transporters." 612 F.3d at 849 (emphasis in original). How Juarez ran his farm business, on a day-to-day basis, is therefore highly relevant and critical to Crescent's defense. *Id*. Crescent thus seeks to subpoena business records from Juarez's farm. In order to do that, it needs the address of Juarez's farm.

To the extent Juarez raises privacy concerns, this is meritless. As with a plaintiff's tax returns, any privacy interest in a putative employee's business is outweighed by the putative employer's need to defend itself. *See Alex*, 2014 WL 12489735, at *7 ("[T]he admitted confidentiality of such income and tax-related information is not a valid reason, standing by itself, to withhold production." (quoting *Jennings v. Boerne Indep. Sch. Dist*., No. SA–12–CV–411–FB (W.D. Tex. May 16, 2013)). Moreover, because this Court has entered a protective order, Juarez can mark any sensitive record as confidential, allaying any privacy concerns. *See id*. at *7 (ordering production of bank statements and financial records and overruling objection based on privacy because "plaintiffs have not established that the protections afforded by the protective order are inadequate to protect their privacy interests").

Accordingly, this Court should compel Juarez to disclose the address of his farm.

**B.      Crescent is Entitled to an Award of Reasonable Attorneys' Fees and Costs Associated with Bringing This Motion.**

If the Court grants this Motion (and it should), awarding Crescent reasonable fees and costs incurred from bringing this motion is appropriate. *See* Fed. R. Civ. P. 37(a)(5)(A). The requested information is relevant and places absolutely no burden on Juarez. Indeed, it simply does not make any sense that Juarez freely furnished his *home* address, but not the address of his business. Juarez therefore was not justified in refusing to disclose the address of his farm business.[1] *See Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-065-LY-ML, 2016 WL 880204, at *11 (W.D. Tex. Mar. 7, 2016) (awarding reasonable fees and costs).

The Federal Rules make clear that a deponent cannot refuse to answer a question absent attorney-client privilege or harassment. Rule 30(c)(2) provides only three situations in which a deponent may properly be instructed not to answer a question — "only when necessary" (1) to preserve a privilege, (2) to enforce a limitation previously ordered by a court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. *Id.* "Directions to a deponent not to answer a question can be even more disruptive than objections." *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 n.7 (S.D. Tex. 2011) (quoting FED. R. CIV. P. 30(d) 1993 Advisory Committee's Note). Here, none of the situations covered by Rule 30(c)(2) are applicable, the information must be compelled and fees and costs assessed.

---

[1] Should the Court award fees and costs after hearing the Motion, Crescent will file an affidavit attesting to the fees and costs incurred in connection with this Motion.

5

DATED:  January 31, 2022                     Respectfully submitted,

                                              SEYFARTH SHAW LLP


By: */s/ Annette A. Idalski*
    Annette A. Idalski
    aidalski@seyfarth.com
    Brian A. Smith
    bsmith@seyfarth.com


SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone:        (404) 885-1500
Facsimile:        (404) 892-7056

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      This is to certify that on January 28, 2022, I electronically filed the foregoing Motion to Compel Discovery a through the Court's CM/ECF system which will send a notice of electronic filing to counsel of record, as follows:

Richard J. (Rex) Burch
David J. Moulton
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com
dmoulton@brucknerburch.com


Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com



By: /s/ *Annette A. Idalski*
Annette A. Idalski

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Defendants Crescent Drilling and Production, Inc. and Crescent Drilling Foreman, Inc. conferred in good faith with David J. Moulton, counsel for Opt-In Juarez, at the deposition of Mr. Juarez and were unable to reach an agreement regarding the details of the relief sought in this motion.

*/s/ Brian A. Smith*
Brian A. Smith

79170047v.1