IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAUL SOLIS III, JUAN A. BUSTAMANTE JR., FERNANDO RICHARD, VICTOR M. JUAREZ, SERGIO ALVAREZ, TRACY WOODSON, HERMAN CRUTCHER, TOBY B. LEDOUX, BRUCE A. JOHNSON, HANK MOSER, BURTON BIENVENUE, ROBERT D. TAYLOR, RYAN BENN,<br><br>*Plaintiffs,*<br><br>vs.<br><br>CRESCENT DRILLING AND PRODUCTION, INC., CRESCENT DRILLING FOREMAN, INC.,<br><br>*Defendants.* | SA-19-CV-01194-FB |

# ORDER

Before the Court in the above-styled cause of action are Plaintiffs' Motion to Compel 30(b)(6) Deposition [#202] and Defendants Crescent Drilling and Production, Inc., and Crescent Drilling Foreman, Inc.'s Opposed Motion to Compel Discovery [#203]. The Court held a hearing on the motions on this day, at which all parties were represented by counsel. At the close of the hearing, and after reviewing the parties' written filings, the Court issued certain oral rulings, which it now memorializes with this written Order.

This is a collective action to recover unpaid overtime compensation, arising under the Fair Labor Standards Act, 29 U.S.C. 216, *et seq.* ("FLSA"). Plaintiffs Raul Solis, III, and the opt-in Plaintiffs allege that Defendant Crescent Drilling and Production and Crescent Drilling Foreman (oilfield project management companies providing staff to the oil and gas industry) are

1

a joint enterprise that employed Plaintiffs as oilfield workers, misclassified them as independent contractors, and paid them a day rate with no overtime compensation. The Court issued notice of this lawsuit to the following class of Plaintiffs on April 21, 2020:

> All oilfield workers who provided services to or on behalf of [Defendants] and were staffed to Sanchez Oil & Gas Corporation or Pioneer Natural Resources Company during the past 3 years who were classified as independent contractors and paid on a day-rate basis with no overtime.

(Order [#43], at 3.) There are twelve opt-in Plaintiffs in addition to Solis currently in this case. The discovery period expired on January 31, 2022, and Defendants' motion for decertification of the class is due on March 2, 2022. Several disputes have arisen regarding the last remaining outstanding discovery, and by their motions the parties seek Court intervention. For the reasons that follow, the Court will deny Plaintiffs' motion to compel a Rule 30(b)(6) deposition and grant Defendants' motion to compel discovery.

**A.     Plaintiffs' Motion to Compel**

Plaintiffs' motion to compel asks the Court to compel Defendants to produce a corporate representative for a Rule 30(b)(6) deposition. Plaintiffs argue that they noticed the deposition and requested dates on multiple occasions but Defendants have been uncooperative and have failed to respond with available dates. Defendants respond that Plaintiffs originally communicated with Defendants about the deposition in July 2021, and that they provided available dates for the deposition in September but counsel for Plaintiffs never followed through with scheduling the deposition. The parties did not discuss the deposition again until January 28, 2022, three days prior to the close of discovery, when Plaintiffs requested available dates from Defendants for the Rule 30(b)(6) deposition. Plaintiffs' only explanation for their late request for the deposition is that they construed the District Court's Order of Administrative Closure as a stay in this case, which vacated all deadlines, including the discovery deadline.

The record reflects that the District Court administratively closed this case on November 3, 2021 [#198].  The Order of Administrative Closure did not vacate any deadlines in the Scheduling Order, acknowledged the parties' discovery deadline of January 31, 2022, and directed the parties that they could continue to file motions and documents in the case. Accordingly, regardless of the administrative closure of this case, discovery closed on January 31, 2022.  Therefore, Plaintiffs' request for a corporate representative deposition just days before the deadline was untimely.  Local Rule CV-16(e) clearly provides that "[n]otices served before the discovery deadline that purport to schedule depositions after the discovery deadline will not be enforced."  The Court will not intervene in the parties' dispute regarding the scheduling of a corporate representative deposition and will deny Plaintiffs' motion to compel.

**B.    Defendants' Motion to Compel**

Defendants ask the Court to compel opt-in Plaintiff Victor Juarez to provide the address of a farm he owns and operates in South Texas.  Defendants discovered that Juarez operated the farm when reviewing his tax returns produced in discovery, as Juarez made certain deductions on his tax return related to his business with the farm.  When Defendants questioned Juarez at his deposition on the deductions, he was unable to explain his losses and profits and the basis for the deductions.  He was also unable to provide the mailing address for the farm, though he explained to counsel for Defendants how to drive to the farm from his home using step-by-step directions.

This Court may compel a party to provide discovery where the party fails to answer a question asked in a deposition.  *See* Fed. R. Civ. P. 37(a)(3)(B)(i).  The Court will compel Plaintiff to provide the address of his farm to Defendants because this information is relevant to the claims and defenses in this case.  *See id.* at 26(b)(1).  Juarez's profits and losses from his operation of a farm are relevant to the ultimate question of whether Defendants properly

classified Juarez as an independent contractor, as the analysis governing independent contractor status in this Circuit considers "the degree to which the worker's opportunity for profit or loss is determined by the alleged employer." *See Parrish v. Premier Directional Drilling, LP*, 917 F.3d 369, 384 (5th Cir. 2019).  In *Parrish*, the Fifth Circuit found it relevant that a plaintiff had offset his profits earned from the putative employer with losses from his goat farm.  *Id.* at 384.  Defendants may subpoena the business records of the farm to determine the nature of Juarez's profit and loss related to this business and cannot do so without the address of the farm.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel 30(b)(6) Deposition [#202] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Crescent Drilling and Production, Inc., and Crescent Drilling Foreman, Inc.'s Opposed Motion to Compel Discovery [#203] is **GRANTED**.  Plaintiff Victor Juarez is ordered to provide Defendants with the address of his farm on or before **February 23, 2022**.

**IT IS FINALLY ORDERED** that discovery in this case is **CLOSED** and no further discovery is permitted except as set forth in this Order or by agreement of the parties.

SIGNED this 9th day of February, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE