IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL SOLIS III, ET. AL., | § § § | |
| Plaintiffs | § § | |
| v. | § § | NO. 5:19-cv-01194-FB-ESC |
| CRESCENT DRILLING AND PRODUCTION, INC. ET. AL., | § § § § | |
| Defendant. | § § | |

**DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF MOTION FOR DECERTIFICATION AND RESPONSE TO PLAINTIFFS' MOTION FOR TOLLING**

DATED: March 30, 2022

Respectfully Submitted,
SEYFARTH SHAW LLP

**By:** */s/ Annette A. Idalski*
Annette A. Idalski
Bar No. 00793235
aidalski@seyfarth.com

Brian A. Smith
bsmith@seyfarth.com

SEYFARTH SHAW LLP
1075 Peachtree St, Ne.
Suite 2500
Atlanta, GA 30309-3958
Telephone:     404-885-1500
Fax                  404-892-7056

*Attorneys for Defendants*

Crescent did not refuse to confer regarding its Motion for Decertification. In fact, the parties did confer on February 25, 2022 and February 28, 2022. No agreement was reached because Plaintiffs conditioned their consent to decertification on Crescent's agreement to equitable tolling. Crescent does not agree to equitable tolling as it is improper in this case. Thereafter, on March 16, 2022 Plaintiffs filed their response to Crescent's Motion for Decertification making clear that they *do not* oppose decertification and simultaneously moved this Court to toll the statute of limitations. (Doc. No. 222 and 223). Accordingly, Crescent requests that this Court grant its Motion for Decertification as it is unopposed and deny Plaintiff's Motion for tolling because it is an equitable remedy reserved only for "rare and exceptional circumstances," none of which are present here.

## I.     PLAINTIFFS CONCEDE DECERTIFICATION IS APPROPRIATE.

As noted in Plaintiffs' Response to Crescents' Motion for Decertification and Plaintiffs' Motion for Tolling, Plaintiffs concede that decertification is appropriate in this case. (Doc. No's 222 and 223 at 1-2). This concession, taken together with Crescents' arguments in support of decertification, warrants the decertification of this case because Plaintiffs have not met their burden to show that they are similarly situated. (Doc. No. 220; *Sanders v. Latshaw Drilling Co., LLC*, 2019 WL 1209769, at *5 (N.D. Tex. Mar. 14, 2019) ("[I]t is the Plaintiffs' burden to show that they are similarly situated.").

Accordingly, all opt-in plaintiffs must be dismissed without prejudice leaving this case to proceed solely on the claims of Raul Solis. *See e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995); *Avila v. SLSCO, Ltd.,* 2022 WL 784062, at *7 (S.D. Tex. Mar. 15, 2022) (Granting motion for decertification because plaintiffs could not meet their burden to establish similarity).

**II.     PLAINTIFFS ARE NOT ENTITLED TO THE EXTRAORDINARY REMEDY OF EQUITABLE TOLLING**

Without any basis in law or fact, Plaintiffs request the statute of limitations for the dismissed opt-in plaintiffs be tolled for sixty (60) days following entry of the Order decertifying this action. (Doc. No. 223 at 3). Plaintiffs, however, fail to meet *their burden* because they have not shown "rare or exceptional circumstances" to warrant this extraordinary remedy.

As Plaintiffs' Motion implicitly acknowledges, "[t]here is no language in the FLSA that provides for tolling the claims of former opt-in plaintiffs following decertification of a collective action." *Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1105–06 (D. Kan. 2012). "'Equitable tolling' is an umbrella term for the notion that a statute of limitations… may be extended for equitable reasons not acknowledged in the statute creating the limitations period." *David v. Hall*, 318 F.3d 343, 345-46 (1st Cir. 2003). The Fifth Circuit has made clear that equitable tolling is an exception only appropriate "in rare and exceptional circumstances." *United States v. Patterson,* 211 F.3d 927, 931-32 (5th Cir. 2000). "In order for the exception to apply, a plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Ferguson v. Texas Farm Bureau*, 307 F. Supp. 3d 577, 581 (W.D. Tex. 2018) (*citing Sandoz v. Cingular Wireless, L.L.C.,* 700 Fed.Appx. 317, 320 (5th Cir. 2017)). "The party who invokes equitable tolling bears the burden of proof." *Teemac v. Henderson,* 298 F.3d 452, 457 (5th Cir. 2002).

As an initial matter, the actions of the opt-in plaintiffs clearly establish that they have not pursued their rights diligently in this case. The extensive discovery delays created by the failure of many, if not most, of the opt-in plaintiffs to produce their tax returns, has caused this case to be held up for years, thus prolonging the litigation and final resolution. (*See generally* Doc. No. 199). However, even assuming the opt-in plaintiffs could demonstrate that they have pursued their rights

-2-

diligently, they still cannot demonstrate that some extraordinary circumstance stands in their way to timely filing a new lawsuit.  To the contrary, the Consent to Join filed by each opt-in plaintiff states that each "consent[s] to be bound by the Court's decision[s]." (*E.g.,* Doc. No. 61 at 3). Decertification was a wholly foreseeable outcome for which both the opt-in plaintiffs and their counsel should have been well prepared.  Plaintiffs have presented the Court with no evidence that any extraordinary circumstances stand in their way of pursuing their claims as required by Fifth Circuit authority.  *Patterson,* 211 F.3d at 931-32; *Sandoz*, 700 Fed.Appx. at 320.  Indeed, there is no reason counsel should not have ***already*** notified opt-in plaintiffs that decertification is imminent, given that they do not oppose Crescent's Motion.  *Green,* 888 F. Supp. 2d at 1105 (holding counsel for plaintiffs should have given notice immediately after decertification).

An "extraordinary circumstance" is one that "derives from some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay." *Sandoz*, 700 F. App'x at 320. Indeed, this very Court has stated that equitable tolling is "rare and exceptional" and granted where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Butler v. TFS Oilfield Servs., LLC,* No. SA-16-CV-1150-FB, 2017 WL 7052879, at *6 (W.D. Tex. Sept. 26, 2017) (issued by U.S. Magistrate Judge Elizabeth S. Chestney).  For example, in *United States v. Patterson*, the court found exceptional circumstances sufficient to justify equitable tolling existed where a party was misled by an affirmative, but incorrect, representation of a court on which he relied to his detriment.  211 F.3d 927, 930 (5th Cir.2000). Likewise, in *Shidler v. Alarm Sec. Grp., LLC*, the court found exceptional circumstances and granted plaintiff's motion for equitable tolling where defendant's delay in providing information to the court resulted in a delay in the issuance of notice.  919 F. Supp. 2d 827, 828-31 (S.D. Tex. 2012).  These circumstances are not present, and could never be present, in this case.  Indeed, the only obstacle to

plaintiffs filing an individual suit following decertification would be plaintiffs themselves. No affirmative action on the part of the Court or Crescent is necessary. As such, the circumstances justifying equitable tolling can never be present in this case. *Sandoz*, 700 F. App'x at 320.

Additionally, a blanket tolling order is inappropriate because "the question of whether a court should exercise its equitable powers to toll the statute of limitations calls for nuanced inquiry, not mechanical application of another court's order." *Sliger v. Prospect Mortg., LLC,* 2012 WL 6005711, at *2 (E.D. Cal. Nov. 30, 2012). Moreover, opt-in plaintiffs who file their own claims should make any equitable tolling arguments at that time. *Green,* 888 F. Supp. 2d at 1106 ("[I]t is left to the court in which the dismissed opt-in plaintiffs refile their claims, rather than this Court, to determine whether equity justifies tolling any limitations period."); *Espenscheid v. DirectSat USA, LLC,* N2011 WL 13209268, at *1 (W.D. Wis. July 7, 2011) ("[T]he issue of tolling will be relevant only for those class members who choose to file individual lawsuits [and] … should be addressed by the courts in which those individuals file their lawsuits.").

Finally, tolling the claims of the opt-in plaintiffs for 60 days would result in prejudice to Crescent. To the extent any opt-in plaintiff decides to file suit, and assuming *arguendo* that the opt-in plaintiff is not time-barred, Crescent will be challenged in defending these claims which now stretch back many years. The witnesses, documentation, and knowledge necessary to defend aged claims such as these becomes only more difficult to maintain with each passing day. *See DaRosa v. Speedway LLC,* Case No. 1:19-cv-10791-RGS, 2021 Text Order at Doc. No. 133 (Dist. Of Mass. September 29, 2021).

### III.  CONCLUSION

For the foregoing reasons, Crescent requests the Court deny Plaintiffs' Motion for Tolling in its entirety, grant Crescent's Motion for Decertification, and dismiss all opt-in plaintiffs from this case.

**CERTIFICATE OF SERVICE**

    This is to certify that on March 30, 2022, a true and correct copy of the foregoing was served via the Court's CM/ECF system:

Richard J. (Rex) Burch
David J. Moulton
Bruckner Burch PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com
dmoulton@brucknerburch.com


Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
Josephson Dunlap LLC
11 Greenway Plaza, Suite 3050
Houston, TX 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

                                               By: */s/ Annette A. Idalski*
                                                   Annette A. Idalski