IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL SOLIS, III, JUAN A. BUSTAMANTE JR., FERNANDO RICHARD, SERGIO ALVAREZ, TRACY WOODSON, HERMAN CRUTCHER, TOBY B. LEDOUX, BRUCE A. JOHNSON, HANK MOSER, BURTON BIENVENUE, ROBERT D. TAYLOR, RYAN BENN, | § § § § § § § § § § | SA-19-CV-01194-FB |
| *Plaintiffs,* | § § | |
| vs. | § § | |
| CRESCENT DRILLING AND PRODUCTION, INC.,  CRESCENT DRILLING FOREMAN, INC., | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants Crescent Drilling and Production, Inc., and Crescent Drilling Foreman, Inc.'s Motion for Decertification [#220] and Plaintiffs' Motion for Tolling [#223]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter a recommendation on the parties' motions pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motion for decertification and Plaintiffs' motion for tolling be **granted**.

## I.  Background and Analysis

This is a collective action to recover unpaid overtime compensation, arising under the Fair Labor Standards Act, 29 U.S.C. 216, *et seq.* ("FLSA").  Plaintiffs Raul Solis, III, and the opt-in Plaintiffs allege that Defendants Crescent Drilling and Production and Crescent Drilling Foreman (oilfield project management companies providing staff to the oil and gas industry) are a joint enterprise that employed Plaintiffs as oilfield workers, misclassified them as independent contractors, and improperly paid them a day rate with no overtime compensation.  The Court issued notice of this lawsuit to the following class of Plaintiffs on April 21, 2020:

> All oilfield workers who provided services to or on behalf of [Defendants] and were staffed to Sanchez Oil & Gas Corporation or Pioneer Natural Resources Company during the past 3 years who were classified as independent contractors and paid on a day-rate basis with no overtime.

(Order [#43], at 3.)  There are currently 11 opt-in Plaintiffs in addition to the lead Plaintiff Raul Solis, III, in this case.  Discovery has closed, and Defendants have filed a motion to decertify the conditionally certified class of oilfield workers on the basis that Solis and the opt-ins are not similarly situated under the standards set forth in *Swales v. KLLM Transp. Serv., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).

Plaintiffs' response to the motion indicates that they do not oppose decertification so long as they are given a reasonable period of tolling of the statute of limitations to allow each individual opt-in Plaintiff to file a separate lawsuit.  Because the parties could not reach an agreement regarding the tolling of the statute of limitations, Plaintiffs filed their motion for tolling requesting an additional 60 days of tolling of the limitations period to provide the opt-ins with time to decide whether to pursue their claims in a separate action.

The District Court should grant Defendants' motion for decertification as unopposed, dismiss the claims of the opt-in Plaintiffs without prejudice, grant Plaintiffs' motion for tolling,

and toll the statute of limitations of the opt-in Plaintiffs' claims for an additional 60 days.  The undersigned conditionally certified this case prior to the issuance of *Swales*, applying the lenient *Lusardi* two-step standard for conditional certification, followed by a notice and opt-in period, then decertification.  In *Swales*, the Fifth Circuit discarded this approach in favor of a directive that district courts "rigorously scrutinize the realm of 'similarly situated' workers," applying "from the outset of the case" a standard more akin to decertification under the two-step approach of *Lusardi*.  985 F.3d at 434.  Defendants' motion argues that under *Swales* this case should never have been conditionally certified in the first place due to the disparate job titles and duties of the members of the class and the individualized inquiry required to determine whether each plaintiff was properly classified as an independent contractor.  Plaintiffs do not oppose decertification or dispute the assertions in Defendants' motion based on the factual record developed in discovery.  The District Court should therefore grant Defendants' motion as unopposed and dismiss the claims of the 11 remaining opt-in Plaintiffs.

The parties' filings indicate that they agree that the dismissal of these claims should be without prejudice.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.")  The parties do not agree, however, on Plaintiffs' request that the statute of limitations on the opt-in Plaintiffs' claims be tolled to allow these Plaintiffs to file, and/or evaluate whether to file, separate actions.

The "doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal citation and quotation omitted).  The doctrine is available to a court wishing to suspend the statute of limitations in those exceptional circumstances when a plaintiff

has diligently pursued his rights but would nonetheless face prejudice were the doctrine not applied. *See Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  The party invoking equitable tolling bears the burden of proof that the factual circumstances support the application of the doctrine. *Teemac*, 289 F.3d at 457.  Plaintiffs have established their entitlement to equitable tolling here.

Plaintiffs request the tolling of the statute of limitations on the opt-ins claims for a modest 60 days so that they have reasonable time to decide whether to pursue their individual lawsuits, to find an attorney, and to file their complaint with the Court.  Although the equitable tolling of statute of limitations is reserved for exceptional circumstances, district courts routinely invoke their equity powers to toll the limitations period for the claims of dismissed opt-ins to avoid prejudice. *See Johnson v. Big Lots Stores, Inc.*, No. CV 04-3201, 2008 WL 11313313, at *1 (E.D. La. July 24, 2008) (noting that courts "often equitably toll the statute of limitations in Fair Labor Standards Act cases in which decertification has been granted" and collecting cases); *see also Wilson v. Navika Cap. Grp.*, LLC, No. 4:10-CV-1569, 2015 WL 1190181, at *2 (S.D. Tex. Mar. 14, 2015) (summarizing prior court order that "[t]o avoid prejudice to individual opt-in Plaintiffs who have been dismissed and who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statute of limitations for 30 days after the entry of this Order"); *Reyes v. Texas Ezpawn, L.P.*, No. V-03-128, 2007 WL 101808, at *7 (S.D. Tex. Jan. 8, 2007) (tolling the statute of limitations for 30 days after decertifying a class of 82 plaintiffs); *Johnson v. TGF Precision Haircutters, Inc.*, No. Civ. A. H-03-3641, 2005 WL 1994286, at *8 (S.D. Tex. Aug. 17, 2005) (tolling the statute of limitations for 30 days after dismissing 264 opt-in plaintiffs).

The conditionally certified class in this case covers oilfield workers who worked within the three-year period prior to April 21, 2020 (the date of certification). "[T]he statute of limitations for putative class members resumes running when . . . a certified class is decertified." *Hall v. Variable Annuity Life Ins. Co.*, 727 F.3d 372, 375 (5th Cir. 2013). Without tolling, the claims of the opt-in Plaintiffs, which they vigorously pursued by opting in to this suit, may be time-barred due to no lack of diligence on their part. The District Court should therefore toll the limitations period for 60 days upon dismissal of the opt-in Plaintiffs' claims.

## II.  Conclusion and Recommendation

Having considered the parties' motions, the responses and replies thereto, the record, and governing law, the undersigned recommends that Defendants Crescent Drilling and Production, Inc., and Crescent Drilling Foreman, Inc.'s Motion for Decertification [#220] and Plaintiffs' Motion for Tolling [#223] be **GRANTED**, that the claims of the opt-in Plaintiffs be **DISMISSED WITHOUT PREJUDICE**, and the statute of limitations on those claims be **TOLLED** for **60 days** from the date of dismissal.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.   A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.   *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 10th day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE