IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAUL SOLIS III, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-01194-FB |
| | § | |
| vs. | § | |
| | § | |
| CRESCENT DRILLING AND | § | |
| PRODUCTION, INC., CRESCENT | § | |
| DRILLING FOREMAN, INC., | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion for Summary Judgment with Respect to Raul Solis III [#235]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motion be **granted**.

**I. Background**

This is an action to recover unpaid overtime compensation, arising under the Fair Labor Standards Act, 29 U.S.C. § 216, *et seq.* ("FLSA"), against Defendants Crescent Drilling and Production, Inc., and Crescent Drilling Foreman, Inc. (hereinafter "Crescent"). Plaintiff Raul Solis, III, is the only remaining Plaintiff in this suit. On June 27, 2022, the Court granted

1

Crescent's motion for decertification and dismissed the claims of all remaining opt-in Plaintiffs without prejudice.

The live pleading is the Second Amended Complaint, which alleges that Crescent improperly classified Plaintiff as an independent contractor and paid him a day rate without overtime compensation for all hours worked over 40 in a given workweek. (Second Am. Compl. [#142], at ¶¶ 1–7.) According to the pleadings, Crescent is a large oil and gas company involved in staffing and project management that employs oilfield personnel like Plaintiff. (*Id.* at ¶¶ 35–37.) Plaintiff alleges he worked for Crescent as a Lead Operator/Well Technician and was staffed to work for Sanchez Oil & Gas Corporation. (*Id.* at ¶¶ 14–16.) Plaintiff seeks unpaid overtime compensation allegedly owed under the FLSA and an equal amount in liquidated damages. (*Id.* at 10.)

Crescent has moved for summary judgment on Plaintiff's FLSA claim on two grounds: (1) the undisputed summary judgment record establishes that Plaintiff was an independent contractor, not an employee, and therefore is not eligible for overtime compensation under the FLSA; and (2) Solis's claims are time-barred because the three months in which Solis performed work for Crescent fell within the third year of the limitations period and Solis cannot prove Crescent committed a willful violation of the FLSA. The motion is ripe for review.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

## III. Analysis

The Court should grant Crescent's motion for summary judgment. Solis did not work for Crescent during the two-year limitations period governing ordinary FLSA violations. Therefore, Crescent can only be liable for any unpaid overtime compensation owed if Solis is able to prove that Crescent willfully violated the FLSA. Solis has not produced evidence from which a reasonable factfinder could find Crescent's willfulness as to the alleged FLSA violation. Solis's

FLSA claims are therefore time-barred, and the Court need not consider whether Solis was properly classified as an independent contractor.

FLSA claims are subject to a two-year statute of limitations for ordinary violations and a three-year period for willful violations. 29 U.S.C. § 255(a). The undisputed summary judgment record establishes that Solis worked for Crescent from September 2016 to December 22, 2016, for approximately a three-month period. (Interrog. Resp. [#232-12], at 4–5.) Solis filed this case on October 4, 2019. (Compl. [#1].) His work for Crescent thus occurred more than two years prior to the filing of this action, and therefore falls outside the two-year limitations period.[1] The period from October 4, 2016, to December 22, 2016, however, falls within the three-year limitations period governing willful FLSA violations. Crescent's liability therefore hinges on whether it willfully violated the FLSA.

Solis bears the burden of establishing the alleged FLSA violation was willful. *Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. App'x 324, 326 (5th Cir. 2011). A violation is willful if the employer either "knew or showed reckless disregard for whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003 (internal quotations and citations omitted)). "To show reckless disregard of the FLSA, an employee must show that the employer had some reason to know that its conduct violated the FLSA beyond mere ignorance of the law." *Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2017) (internal quotation and citation omitted). Additionally, "[m]ere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is merely negligent or

---

[1] Although Solis filed his collective action complaint as lead Plaintiff on October 4, 2019, he originally participated in this litigation as an opt-in Plaintiff in a collective action filed by Kevin Langen. *See Langen v. Crescent Drilling & Prod., Inc.*, No. 5:19-cv-00320-FB-ESC (dkt. 39). Langen filed his suit on March 29, 2019; Solis opted into that suit on September 9, 2019; and Langen died on September 3, 2019. Applying any of these dates, all of Solis's work with Crescent fell outside the two-year limitations period.

unreasonable." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 Fed. App'x 349, 360 (5th Cir. 2015) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132–33 (1988)). Willfulness can only be found when the evidence demonstrates that the employer knew or had reason to know that its conduct violated the FLSA. *Id.* An employer who acts "without a reasonable basis for believing that it was complying with the [FLSA]" is merely negligent. *McLaughlin*, 486 U.S. at 134–35.

"Willfulness has been found when the evidence demonstrated that an employer actually knew its pay structure violated the FLSA or ignored complaints that were brought to its attention." *Zannikos*, 605 Fed. App'x at 360. *See also Singer*, 324 F.3d at 821–22 (upholding jury finding of willfulness where employer admitted that it knew its employees were being paid incorrectly, and the employer's attorney advised them not to investigate); *Reich v. Bay, Inc.*, 23 F.3d 110, 117 (5th Cir. 1994) (upholding a district court's finding of willfulness where the employer was notified by a government representative that its payment practices violated the FLSA, and the employer continued those practices without further investigation); *Solano v. Ali Baba Mediterranean Grill, Inc.*, No. 3:15-CV-0555-G, 2016 WL 808815, at *5 (N.D. Tex. Mar. 2, 2016) (concluding reasonable factfinder could find willfulness where employer had actual knowledge of FLSA requirements from a prior DOL investigation).

There is no such evidence of Crescent's knowledge or reckless disregard of the FLSA. Solis does not identify any evidence of any admissions from employees of Crescent as to any possible FLSA violation from which the Court could infer Crescent's knowledge of the alleged violation. Moreover, Solis testified in his deposition that he never complained to anyone at Crescent or Sanchez about not being paid overtime compensation. (Solis Dep. [#232-4], at 101:1–10.)

Solis's sole argument as to willfulness is that the Court should impute willfulness to Crescent because Crescent knew Solis was previously classified as a W-2 employee but "overnight, Crescent labeled him as an 'independent contractor' and forced him to take on expenses that were provided to Solis previously, including transportation, tools, and [personal protective equipment]." (Resp. [#237], at 18–19.) Solis argues Crescent knew the effects of its actions, which resulted in Solis netting only $3.88 per hour for the work he performed during his typical 18-hour work days. (*Id.*) The only evidence to which Solis directs the Court in support of this argument is Solis's deposition testimony that a Crescent employee encouraged him to create an LLC to help him with his "taxes and stuff" now that he was "going to be paid 1099." (Solis Dep. [#232-4], at 51:15–24.) This is not sufficient evidence of a willful FLSA violation.

The Fifth Circuit has rejected the argument that an employer's knowledge of an employee's dissatisfaction with its pay structure or classification raises a fact question as to whether the employer knew or recklessly disregarded the requirements of the FLSA. *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 (5th Cir. 2009). The fact that Crescent made a change in Solis's classification or even suggested how Solis might respond to this change is not evidence that Crescent actually knew that this new classification violated the FLSA, especially without any evidence that Solis complained to Crescent about not being paid overtime in compliance with the FLSA. The only inference the Court could make from Solis's evidence is that Crescent knew Solis would have preferred remaining a W-2 employee and that perhaps it should have conducted a thorough investigation as to whether any change in Solis's status could have violated the FLSA. This could be evidence of negligence, but is not enough to establish willfulness.

Because Solis has failed to identify any evidence from which a reasonable factfinder could conclude Crescent knew or recklessly disregarded its obligations under the FLSA, Solis cannot prove Crescent willfully committed the alleged FLSA violation. Thus, the two-year, not three-year, limitations period governs this case, and Solis's claims are time-barred.

## IV.  Conclusion and Recommendation

Having considered Defendants' motion, the response and reply thereto, the summary judgment record, and the governing law, the undersigned recommends that Defendants' Motion for Summary Judgment with Respect to Raul Solis III [#235] be **GRANTED**.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained

in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 17th day of October, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE