# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

RAUL SOLIS III,

**Case 5:19-cv-01194-FB-ESC**

v.

CRESCENT DRILLING & PRODUCTION, INC., et al.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR COSTS

1. **INTRODUCTION.**

Crescent has no right to use the costs provisions of Rule 54(d) and 28 U.S.C. § 1920 as a punitive measure, much less to seek costs to which it knows it is not entitled. In fact, Crescent's counsel were admonished for submitting improperly documented and disallowed expenses in *Parrish v. Premier Directional Drilling*, L.P., No. 5:16-cv-00417-DAE, ECF No. 208 (W.D. Tex. Oct. 3, 2019) (Ex. 1). Crescent's counsel had already been disallowed similar expenses in *Crosby v. Cox Communications, Inc.*, No. 2:16-cv-6700, ECF 64 (E.D.La. Oct. 18, 2017) (Ex. 2). Undeterred, they tried (and failed) again to recover these expenses in *Clay v. New Tech Global Ventures*, LLC, No 6:16-cv-296-JWD-CBW, ECF No. 208 (W.D.La. Feb. 5, 2020) (Ex. 3). Crescent's counsel repeats the same requests for the same types of expenses it knows it cannot recover. Crescent's costs should be reduced to those allowed by law.

Crescent's costs should also be disallowed because it submits no competent evidence to authenticate its records or explain which charges it actually seeks, which are duplicates, or why they were necessary.

2. **STANDARD FOR RECOVERY OF COSTS.**

A. **All expenses are not taxable costs.**

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party ...

[.]" Fed.R.Civ.P. 54(d)(1). However, Rule 54(d) does not confer authority to tax costs to reimburse a winning litigant for every expense incurred. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235 (1964).

"The costs allowed by Rule 56(d)(1) is a term of art not synonymous with expenses" *Eagle Ins. Co. v. Johnson,* 982 F.Supp. 1456, 1458 (M.D. Ala. 1997) *aff'd sub nom.,* 162 F.3d 98 (11th Cir. 1998). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." *Id.* (citations omitted). "A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini St., Inc. v. Oracle USA, Inc.,* 139 S.Ct. 873, 877 (2019); *see also Mota v. Univ. of Texas Houston Health Sci. Ctr.,* 261 F.3d 512, 529 (5th Cir. 2001) (same). Thus, costs will "almost always be less than … expenses." *Eagle Ins. Co.,* 982 F.Supp at 1458. Taxable costs are limited to those specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbins, Inc.,* 482 U.S. 437,445 (1987).

**B. Taxable costs are enumerated by statute.**

There are only six categories of authorized costs:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added). A court may decline to award the costs listed in the statute **but may not award costs** omitted from the list, "'absent explicit statutory or contractual authorization to

the contrary.'" *Cook Children's Med. Ctr. v. New England PPO Plan,* 491 F.3d 266, 274 (5th Cir.2007) (quoting *Crawford Fitting Co.,* 482 U.S. at 445); *Rimini St.,* 139 S.Ct. at 877.

### C. The party seeking costs must show they were necessary to the case.

Once an objection to a cost is raised, the party seeking costs bears the burden of verifying the costs were necessarily incurred in the case rather than incurred for the convenience of counsel. *See Fogleman v. ARAMCO (Arabian American Oil Co.),* 920 F.2d 278, 286 (5th Cir. 1991); *Jerry v. Fluor Corp.,* C.A. No. H-10-1505, 2012 WL 4664423, at *2 (S.D. Tex. Oct. 2, 2012). "[T]he party must support its request with evidence documenting the costs incurred and proof[ ] … that a certain item was 'necessarily obtained for use in the case.'" *Waggoner v. Trans Union, LLC,* 2003 WL 22838718, *2 (N.D. Tex. Nov. 24, 2003) (quoting *Fogleman,* 920 F.2d at 285-86). "A self-serving affidavit in which the attorney states that the items were obtained for use in the case is insufficient, in and of itself, to meet [the party seeking costs'] burden." *Manton v. Strain,* C.A. No. 09-339, 2011 WL 10000964, at *9 (E.D. La. Feb. 28, 2011). "Although the burden is on the non-prevailing party to demonstrate that a particular cost is not taxable against it, the party seeking costs must nonetheless provide sufficient descriptions and supporting documentation to facilitate meaningful review." *Carroll v. Carnival Corp.,* No. 16-20829-CIV, 2018 WL 1795469, at *5 (S.D. Fla. Feb. 6, 2018), *adopted as modified,* No. 16-20829-CIV, 2018 WL 1795790 (S.D. Fla. Mar. 9, 2018) (citing *Berman v. Target Co.,* No. 15-CV-62387, 2017 WL 1337615, at *6 (S.D. Fla. Mar. 8, 2017) (declining to award potentially recoverable costs where the requesting party did not provide invoices detailing the costs). The party seeking costs must "establish the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver,* 289 F.3d 1223, 1249 (10th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002). The determination on whether to allow a cost is a factual one for the district court, "and the Fifth Circuit accords district courts 'great latitude' in making this determination. *Manton,* 2011 WL 10000964, at *9 (quoting *Fogleman,* 920 F.2d at 285-86).

3.   **OBJECTIONS TO BILL OF COSTS.**

A.   **Crescent offers no competent evidence.**

Crescent's only submission in support of its expenses is the unverified declaration of its lawyer. *See* Doc. 249-1. To qualify as competent evidence, a declaration must be sworn or declared under penalty of perjury to be true and correct. *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015); *Wrice v. Carr*, No. 4:21-CV-0440-P, 2022 WL 2972237, at *6 (N.D. Tex. July 27, 2022). Because the declaration is not sworn or declared under penalty of perjury to be true and correct under 28 U.S.C. § 1746, it is not admissible and cannot be considered by the Court. *Davis*, 798 F.3d at 292. Accordingly, Crescent's motion for costs should be denied because it is not supported by competent evidence.

B.   **Pro hac vice fees are not taxable.**

Crescent's pro hac vice fees ($400) are not recoverable. "Courts in the Western District of Texas and elsewhere within the Fifth Circuit have denied pro hac vice fees as costs because they are an expense that an attorney pays for the privilege of practicing law in this Court and are not normally charged to a fee-paying client and because the opposing side should not be responsible for paying such costs and fees simply because a party chose to be represented by counsel who are not admitted to practice in this district." *Midland Nat'l Life Ins. Co. v. Santana-Ayala*, No. 5:19-CV-00591-JKP, 2020 WL 33598, at *5 (W.D. Tex. Jan. 2, 2020) (cleaned up, collecting cases); *Obey v. Frisco Med. Ctr. L.L.P.*, No. 4:13-cv-00656, 2015 WL 1951581, at *2 (E.D. Tex. Apr. 29, 2015); *Knauff v. Dorel Juvenile Gp., Inc.*, No. SA-08-CV-336-XR, 2010 WL 2545424, at *2 (W.D. Tex. Jun. 21, 2010); *see also, e.g., Bd. of Supervisors of LSU v. Smack Apparel Co.*, C.A. No. 04-1593, 2007 WL 977644, at *20 (E.D. La. May 23, 2007) ("[D]efendants should not have to pay for pro hac vice admission fees occasioned by plaintiffs' choice of out-of-town counsel.").

Crescent's counsel knows this because it has sought, and been denied, their pro hac vice fees repeatedly. *See* Ex. 2 at 3 (*Cox Communications*); Ex. 3 at 1, (*New Tech*). Crescent also knows (or should

also) that the primary Seventh Circuit decision Crescent relies on was abrogated nearly 9 months ago. *United States ex rel. Gear v. Emergency Med. Assocs. Of Ill., Inc.*, 436 F.3d 726, 730 (7th Cir. 2006), *abrogated by Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022). Another case cited by Crescent is based on the District of Kansas's peculiar take on the issue. *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 663 (D. Kan. 2005) ("Pro hac vice fees are recoverable in the District of Kansas"). But courts overwhelmingly reject Kansas's idiosyncratic rule. *See, e.g, Halliburton Co. v. Ward*, No. CIV.A. 06-45-C, 2007 WL 2702214, at *2 (W.D. Ky. Sept. 12, 2007); *Rakes v. Life Invs. Ins. Co. of Am.*, No. 06-CV-99-LRR, 2008 WL 4852932, at *5 (N.D. Iowa Nov. 7, 2008); *Awad v. Ziriax*, No. CIV-10-1186-M, 2014 WL 1572804, at *1 (W.D. Okla. Apr. 17, 2014) ("the majority of courts decline to award pro hac vice fees as costs."); *Carolina Cas. Ins. Co. v. Sowell*, No. 3:07-CV-1783-D (BH), 2009 WL 10678837, at *2 (N.D. Tex. Mar. 26, 2009) (same); *Huntsville Golf Dev., Inc. v. Brindley Const. Co.*, No. 1-08-00006, 2011 WL 4960421, at *4 (M.D. Tenn. Oct. 18, 2011) (same). The other case relied upon by Crescent (*Butler v. MBNA Tech., Inc.*) the objecting party's only objection to the assessment of pro hac vice fees was that imposing these fees would create an unsubstantiated "financial hardship" on the losing party. *Butler v. MBNA Tech., Inc.*, No. CIV.3:02-CV-1715-H, 2004 WL 389101, at *3 (N.D. Tex. Mar. 1, 2004), *supplemented,* No. CIV.3:02-CV-1715-H, 2004 WL 1049136 (N.D. Tex. May 10, 2004). The court never grappled with the question of *whether* the costs were recoverable. *Id.*

Because courts in this District and Circuit deny pro hac vice fees (and we are not in Kansas), the Court should not allow Crescent to recover its pro hac vice fees.

## C.  Hearing transcripts are not taxable here.

Crescent's hearing transcript expenses are not taxable. The standard for taxation of the costs of in-court hearings and trial transcripts is:

> The basic standard ... in determining whether to allow the expense of a transcript as a taxable cost is whether the transcript was "necessarily obtained for use in the case." This does not mean that the transcript must have been "indispensable" to the litigation

to satisfy this test; it simply must have been "necessary" to counsel's effective performance or the court's handling of the case. The transcript may have been procured either for use at the trial or after the trial. But the words "use in the case" in Section 1920 mean that the transcript must have a direct relationship to the determination and result of the trial. Taxation will not be allowed if the transcript was procured primarily for counsel's convenience.

*U.S. Fid. & Guar. Co. v. Lee Invs. LLC,* No. CV-F-99-5583 OWW/SMS, 2010 WL 3037500, at *7 (E.D. Cal. Aug. 2, 2010) (disallowing hearing and trial transcripts) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2677, at 438–40 (3d ed.1998)).

Crescent offers nothing to show its transcripts "have a direct relationship to the determination and result of the trial," and was not "procured primarily for counsel's convenience." *Burton,* 385 F. Supp. 2d at 1078-79; *Structural Metals, Inc. v. S & C Elec. Co.,* No. SA-09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013) (hearing transcripts not taxable without showing necessity rather than convenience, particularly when lawyer was present and could take notes). The only statement Crescent attempted to in support of hearing transcripts is an unverified statement from its lawyer purporting to authenticate the bills:

> 4.     Attached as **Exhibit A** are true and correct copies of invoices for hearing transcripts that Crescent paid in this action.

Doc. 249-1 at ¶ 4. Crescent makes no attempt to explain the alleged necessity of these charges (or even that the transcripts were used). *Id.* Even if the transcripts were used "it is not the Court's duty to look through the record to determine whether they were used or the extent to which they were used." *Structural Metals, Inc.,* 2013 WL 3790450 at *2, n.1 (citing *Marmillion v. American Int'l Ins. Co.,* 381 F. App'x 421, at *9 (5th Cir.2010). Crescent failed to meet its burden and hearing transcript charges should not be taxed.

**D.  Crescent's Deposition Expenses Should Not Be Taxed.**

Crescent seeks $17,015.40 for "transcripts." However, Crescent's unorganized collection of invoices and "check requisition" forms show charges for much more than just transcripts. Crescent noticeably fails to differentiate between these costs or even specify which charges it seeks to recover. Doc. 249-5. For example, the charge for Solis's deposition transcript (and 1 copy) was just $1,886.50, but Crescent submitted a bill for $3,797.50 with a litany of extra (non-taxable) charges such as charges for extra copies, video fees, video synchronization fees, color copies, "tabs," various delivery fees, "administrative fees," electronic fees, technician fees, and fees to read and sign.

| Qty | Description | Rate | Amount |
|---|---|---:|---:|
| 343 | Original & 1 Transcript | 5.50 | 1886.50 |
| 343 | Copy of Transcript (Hard copy) | 1.00 | 343.00 |
| 2 | Video Per Hour Fee (First 2 hours) | 100.00 | 200.00 |
| 5 | Video Per Hour Fee (additional hours) | 75.00 | 375.00 |
| 7 | Video Synchronization Per Hour | 45.00 | 315.00 |
| 1 | Video Media Fee | 10.00 | 10.00 |
| 418 | Exhibits (B&W) (Original & Hard copy) | 0.50 | 209.00 |
| 70 | Exhibits (Color) (Original only) | 1.00 | 70.00 |
| 48 | Tabs | 0.50 | 24.00 |
| 1 | Delivery Fee (Original-shipping) | 25.00 | 25.00 |
| 1 | Delivery Fee (Hard copy) | 25.00 | 25.00 |
| 1 | Administrative Fee | 75.00 | 75.00 |
| 1 | Electronic Delivery Fee | 25.00 | 25.00 |
| 1 | Read & Sign Delivery Fee | 15.00 | 15.00 |
| 1 | Tech Fee (Zoom setup, sharing exhibits) | 200.00 | 200.00 |
| | | Invoice Total: | 3797.50 |

Doc. 249 at 21 (Invoice for Solis Depo.); *see also* Doc. 249-5 at 5 (invoice for deposition of Solis's tax preparer containing similar charges). Many of the other deposition invoices also include additional charges for video and video sync charges. *See, e.g.*, Doc. 249-5 at 4, 7, 9, 11-12, 16. Crescent also seeks to charge for conference rooms. *See, e.g.*, Doc. 249-5 at 19, 20. Even a fee for the privilege of "Court Reporter Appearance." Doc. 249-5 at 3. Still others are illegible. *See., e.g.*, Doc. 249-5 at 13, 15, 17.

Not only is Crescent's pile of invoices, illegible papers, and "Check Requisition Forms" a mess, Crescent failed to provide any explanation or summary of what it seeks to charge, what it concedes it not taxable, and what charges are duplicated. Doc. 249-5. The bills Crescent proposes to stick Solis with are certainly not presented in a way that would be acceptable to a paying client.

Plaintiffs best attempt to summarize Crescent's clump of documents is as follows:

| Page# in Doc. 249-5 | Witness | Role | Transcript | Copies | Video-Related | Everything Else | Subtotal |
|---|---|---|---|---|---|---|---|
| 2 | B Bienvenu | Opt-in | $ 1,168.75 | $ 409.00 | | | $ 1,577.75 |
| 3-4 | J Bustamante | Opt-in | $ 1,255.00 | $ 117.00 | $ 800.00 | $ 250.00 | $ 2,422.00 |
| 5 | S Garza | Non-Party | $ 504.00 | $ 62.50 | | $ 242.50 | $ 809.00 |
| 6-7 | F Hoeflein | Non-Party | $ 1,817.75 | | $ 725.00 | | $ 2,542.75 |
| 8-9 | B Johnson | Opt-in | $ 1,147.25 | | $ 845.00 | | $ 1,992.25 |
| 10-12 | V Juarez | Opt-in | $ 962.50 | $ 115.50 | $ 912.50 | | $ 1,990.50 |
| 13, 15, 17 | Illegible | | | | | | $ - |
| 14, 16, 18 | D McDaniel | Opt-in | | | $ 525.00 | $ 482.50 | $ 1,007.50 |
| 19-20 | F Richard | Opt-in | $ 1,338.45 | | $ 300.00 | $ 2,013.45 | $ 3,651.90 |
| 21 | R Solis | Plaintiff | $ 1,886.50 | $ 622.00 | $ 900.00 | $ 389.00 | $ 3,797.50 |
| TOTAL | | | $ 10,080.20 | $1,326.00 | $5,007.50 | $ 3,377.45 | $ 19,791.15 |

Doc. 249-5.

Solis does not contest $1,251.95 for the cost of his written deposition transcript, which is $3.65 per page—the rate this Court charges for transcripts— instead of the inflated charge of $5.50 per page Crescent seeks. Doc. 247 at 1; Doc. 249-5 at 21; Transcript Requests and Fees – U.S. District Court (uscourts.gov) (last accessed Jan. 21, 2023) (ordinary transcript charge is $3.65 per page). The remaining $15,763.45 Crescent seeks to tax to Solis should not be allowed.

**E.  Necessary deposition transcripts are taxable, but not incidental charges.**

Crescent seeks charges related to video recording, technician assistance, administrative, shipping, conference rooms, and delivery (as well as many others) that are not taxable. Costs of deposition transcripts are authorized by 28 U.S.C. § 1920(2), and courts typically tax them if the deposition was necessarily obtained for use in the case. *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330,

337 (5th Cir. 1981). Crescent is not entitled to tax deposition costs because it wholly fails to address whether the depositions were necessary. Doc. 249-1 at ¶ 12 (unverified statement and also fails to explain necessity).

When necessity is established (which Crescent fails to do), in most cases the prevailing party may recover only the cost of the original deposition with its accompanying transcript if noticed by that party, and the costs of a single copy if the deposition was noticed by the opposing party. *Crouch v. Teledyne Continental Motors, Inc.*, 2013 WL 203408, *7 (S.D. Ala. Jan. 17, 2013).

All charges associated with the deposition other than the transcript itself and reasonable charges for exhibits are beyond the scope of the statute and are disallowed. *Clark v. Williamson Cnty.*, No. A-10-CV-869-LY, 2013 WL 5556024, at *2 (W.D. Tex. Oct. 7, 2013) ("[I]ncidental costs associated with depositions are not recoverable as costs."). Costs for additional copies, condensed or mini transcripts, electronic transcripts, exhibit tabs, videotapes, or CDs containing transcripts are not taxable. *E.g., Crouch*, 2013 WL 203408, at *8; *see also Parrish*, No. 5:16-cv-00417-DAE, ECF No. 208, at *5 ("[A]ny fees for administrative, shipping, electronic transcripts, binding, color copies, rough drafts, and litigation support discs, should be disallowed."); *Ferrara v. 4JLJ, LLC*, No. 2:15-CV-182, 2017 WL 1130080, at *3 (S.D. Tex. Mar. 27, 2017) (finding costs of e-transcripts not taxable); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed.App'x 837, 845 (11th Cir. 2008) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable."); *Spear Mktg., Inc. v. Bancorpsouth Bank*, 2016 WL 193586, at *15 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (disallowing costs of delivery charges, binding, condensed transcripts, e-transcripts, after-hours appearance fees, TotalTranscript fees, and exhibit tabs); *Dunaway v. Cowboys of Lake Charles, Inc.*, No. 2:07-cv1138, 2010 WL 3883262, at *3 (W.D. La. Sept. 27, 2010) ("ASCII and electronic copies of depositions are merely for the convenience of counsel and are not necessary for use in the case. Thus, ASCII and electronic copies of depositions are not recoverable …."). Likewise, costs associated

with the signature/read and sign process are not recoverable. *Mercer v. Patterson-UTI Drilling Co., LLC*, No. 4:15-cv-1443, 2016 WL 10951286, at *2 (S.D. Tex. Oct. 20, 2016), aff'd 717 Fed.App'x 400 (5th Cir. 2017) (refusing fees for administrative delivery, exhibit tabs, delivery, binding, rough draft, color copies, and shipping/handling).

Crescent's lawyers know the cost of synchronization of video depositions and their respective transcripts are not taxable. Ex. 1 at 3-5 (*Premier*) (not allowing video-related charges because they were never used in case disposed of on summary judgment); Ex. 2 at 4-5 (*Cox Communications*) (not allowing video-related charges because they were never used and it was unlikely defendant would ever introduce video of any plaintiff that failed to appear for trial); Ex. 3 at 4 (*New Tech*) (not allowing video depositions because written transcripts were available); *In re Scientific-Atlanta, Inc. Securities Litigation*, 2011 WL 2671296, *1 (N.D. Ga. July 6, 2011). Moreover, the costs taxed for copies of the deposition exhibits must be reasonable. *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 WL 5358548, *4-5 (M.D. Fla. Oct. 17, 2011) (taxing copies of deposition exhibits at reasonable rate of $0.10 per page rather than the inflated rate charged by the court reporter); *Crouch*, 2013 WL 203408, at *9 (same). And, significantly, the cost of video conferencing services is not taxable. *Mims v. Arrow Financial Services, LLC*, 2012 WL 5275255, *1, 4 (S.D. Fla. Oct. 25, 2012) (federal courts have uniformly rejected video conferencing costs under section 1920; video conferencing provides a substitute for travel to a physical venue, thus it is akin to travel expenses, which are not taxable as costs); *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 579 (9th Cir. 2010) (fees for video conferencing services used in deposition are not taxable as costs); *Pierson v. Ford Motor Co.*, 2010 WL 431883, *5-6 (N.D. Cal. Feb. 2, 2010) (video conferencing is a substitute for travel-related costs which are not included in the category of costs allowed and thus, are not taxable); *Ruby v. Invictus Franchising, Inc.*, 2001 U.S. Dist. LEXIS

22320, *10-11 (D. Or.  Dec. 4, 2001) ("Section 1920 does not authorize reimbursement of . . . videoconferencing[.]").[1]

Because some depositions costs are taxable (e.g., original transcripts) and others are not, courts require parties seeking costs to provide the Court will enough detail to adequately evaluate what charges are taxable costs and what is non-taxable. *Crouch*, 2013 WL 203408, at *11. *See also Gary Brown & Associates, Inc.*, 268 Fed. Appx. at 845-46 ("The district court also found that a general $4,602.90 charge for deposition transcripts lacked the required specificity … As before, we find no abuse of discretion."). Where the party seeking costs fails to provide the required specificity, the court will not tax those costs. *Id.*

Because Crescent fails show necessity or even specify which charges it seeks and which it does not, making an adequate review impossible, and because video-related costs and other costs that are incidental to the deposition are not recoverable, $5,007.50 for video and $3,377.45 for all other incidental charges should be subtracted from the amount Crescent seeks.

### F.  Crescent's copy charges should not be taxed.

Crescent's invoices show its vendors charged for copies as high as $2.05 per page. Doc. 249-5 at 2 ($2.05 per page); Doc. 249-5 at 5 ($.50/pg and $1/pg for black and white and color, respectively); Doc. 249-5 at 21 (various copy charges at $1/pg and $.50/pg). These deposition copy charges should not be taxed. *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, No. 6:08-cv-2165-ORL28GJK, 2011 WL 5358548, at *4-5 (M.D. Fla. Oct. 17, 2011) (refusing to tax at the inflated rate charged by the court reporter and reducing to $.10 per page); *Crouch,* 2013 WL 203408, at *9 (same). In fact, some courts deny recovery for deposition exhibit charges outright. *Supernus Pharms., Inc. v. TWi Pharms., Inc.*, No.

---

[1]     Those cases holding that video conferencing are not taxable because it provides a substitute for travel-related expenses, which are not taxable as costs are consistent with the general rule in the Fifth Circuit, stated in *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 616 (5th Cir. 1985), that attorney's travel expenses incurred in connection with depositions are not taxable as costs.

CV 15-369 (RMB), 2018 WL 2175765 (D.N.J. May 11, 2018) ("Regarding the costs of deposition exhibits, they are regularly denied as a convenience to counsel, absent a showing that they were not already in hand."). The charge for copying exhibits must also be reasonable. *Martinez v. Bd. of Cnty. Commissioners*, No. CIV 15-00653 MV/JHR, 2018 WL 1665806, at *4 (D.N.M. Apr. 4, 2018) - 6 - Case 6:16-cv-00296-MJJ-CBW (rejecting $0.20 per page as unreasonable and reducing to $0.10 per page). "[M]ost courts to consider the issue have found a charge of 10 to 15 cents per copy is appropriate." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 426 F.3d 694, 717 (3d Cir. 2005). "Indeed, the Fifth Circuit [still] caps taxable cots for copying of briefs, appendices, and record excerpts at $.15 per page." *Parrish*, No. 5:16-cv-00417-DAE, ECF No. 208, at *6; *see also* 5th Cir. R. 39.1 (Nov. 2022).

The Court should not allow Crescent copy charges because no copies of exhibits were necessary. And Crescent does not even attempt to explain that they were necessary. With the widespread use of Zoom and similar apps, it is easier and cheaper than ever to simply show documents on screens even for in-person depositions (which are also unnecessary) rather than make physical copies for counsel's own convenience. Crescent's copy charges totaling up to $1,326 should be subtracted from the amount it seeks for depositions.

## G. Crescent is not entitled to cancellation and certificates of non-appearance.

Crescent seeks an unspecified amount to recover cancellation expenses for the deposition of Fernando Richard, which appear to include charges for taking a certificate of non-appearance, conference room, and same-day cancellation charges of the videographer, totaling $825. Doc. 249-5 at 19. Crescent is not entitled to recover these expenses.

A certificate of non-appearance fee is not taxable. *E.A.F.F. v. United States*, 2014 WL 2155263, at *2 (W.D. Tex. May 22, 2014) (holding a fee for a certificate of non-appearance is not allowed because a certificate of non-appearance is not a deposition transcript and is not authorized by § 1920); *Shaw v. Hardberger*, 2010 WL 1424726, at *2 (W.D. Tex. Apr. 7, 2010) ("Section 1920 does not authorize costs

12

for certificates of nonappearance."). Crescent's counsel knew before it incurred this expenses that it was not taxable because it has been denied this same expense in the past. *See, e.g.,* Ex. 1 at 5 (*Premier*) (refusing expense of certificate of nonappearance); Ex. 3 at 3 (*New Tech*) (same). Videoconferencing and conference rooms are also not taxable, *see* Section 3.E, *supra*, under § 1920.

Second, even if such fees were taxable, it would not be proper to do so under the specific circumstances here. Mr. Richard, who had to reschedule his deposition because of a family emergency in Louisiana, not only gave notice that he could not attend in-person in San Antonio on the noticed date, but offered to proceed on the same date with a remote deposition. *See* Ex. 4; Ex. 8 (Moulton Decl.) at ¶ 5. Crescent refused, instead moving forward with a completely unnecessary certificate of non-appearance even though the deposition was already rescheduled a few days later. *Id.*

Crescent also seeks to recover cancellation expenses (in an unspecified amount) for the "late" cancellation of David McDaniel's deposition. Doc. 249-5 at 14, 16, 18. The invoices total $1,007.50, including fees for "court reporter," late cancelling videoconferencing, and late cancelling videographer. *Id.* These charges are nontaxable because they are videoconferencing and other incidental charges, but they are also nontaxable because they are obviously due to Crescent's counsel forgetting to notify their service provider the deposition was cancelled. The deposition was noticed for February 23, 2021. Ex. 5; Ex. 8 at ¶ 6. But Plaintiffs notified Crescent on February 19 that Mr. McDaniel was non-responsive and that the deposition was not proceeding. *Id.* Crescent's counsel agreed that the deposition was canceled. *Id.*

### H. Crescent is not entitled to costs for obtaining tax returns.

Under Section 1920(4), "reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920. The Fifth Circuit has explained "[the losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of

documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id*. While taxable costs include charges for "copies made as part of discovery and the copies of documents filed with the court," "[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs.*" Iniekpo v. Avstar Int'l Corp.*, No. SA–07–CA–879–XR, 2010 WL 3909321, at *2 n. 21 (W.D.Tex. Sept. 30, 2010).

Crescent seeks, under Section 1920(4) "other costs" totaling $4,587.23 in postage and fees required by IRS Forms 4506 to obtain copies of tax returns. Crescent's request, again, should be denied for failing to specify which of the costs in its pile of receipts and "Check Requisition Forms" it actually seeks, and for failing to submit any competent evidence. *Carroll*, No. 16-20829-CIV, 2018 WL 1795469, at *5; Doc. 249-7.

Solis's attempt to organize Crescent's receipts and "Check Requisition" forms shows totals of $6,536 for fees submitting IRS Forms 4506 and $1,237.96 for mailing charges, but Crescent never explains which charges are duplicates or not claimed. Ex. 7; Ex. 8. at ¶¶ 8-13; Doc. 249-7. The mailing charges are not just for submitting IRS Forms 4506 because some are for delivery directly to Hoeflein (not his counsel), to "HR Solutions," and to Solis's counsel. *Id*. The following summarizes the records in Doc. 249-7 for the IRS Forms 4506 fees and mailing charges, showing the totals for each Plaintiff and the number of times charges appear in the documents for each Plaintiff:

| Plaintiff | Sum of 4506 Fees | No. of Times |
|---|---|---|
| B Johnson | $344.00 | 2 |
| F Richard | $344.00 | 2 |
| H Moser | $688.00 | 4 |
| J Bustamante | $344.00 | 2 |
| L Stanley | $172.00 | 1 |
| R Jones Jr | $344.00 | 2 |
| R Taylor | $516.00 | 3 |
| Ryan Benn | $688.00 | 4 |
| T Ledoux | $344.00 | 2 |
| V Juarez | $344.00 | 2 |
| W Stolz | $516.00 | 3 |
| "Pro Fees" | $172.00 | 1 |
| S Alvarez | $688.00 | 4 |
| B Bienvenu | $344.00 | 2 |
| T Woodson | $688.00 | 4 |
| **Grand Total** | **$6,536.00** | **38** |

| Plainitff | Sum of Mailing Charges | No. of Times |
|---|---|---|
| F Hoeflein | $46.58 | 2 |
| Not Spec. | $1,070.19 | 13 |
| To Ps Counsel | $16.19 | 1 |
| HR Solutions | $105.00 | 1 |
| **Grand Total** | **$1,237.96** | **17** |

Ex. 7; Ex. 8 at ¶¶ 8-13; Doc. 249-7.

## I. Tax returns are neither taxable or necessary.

Crescent sought copies of Plaintiffs' tax returns, which were not generally available to Plaintiffs who are oilfield workers working far from home and without access to their papers. So Defendants requested IRS Forms 4506—which allow Crescent to request copies of tax returns directly from the IRS for a fee. Ex. 8 at ¶ 11. Plaintiffs executed the forms as requested by Crescent and Crescent submitted them to the IRS. Doc. 180. The forms were repeatedly rejected because Crescent failed to follow IRS instructions, like submitting electronic signatures instead of hand signatures. *Id.* Sometimes Crescent only submitted the form once, like for L. Stanley's, but Crescent's billing records suggest it took up to 4 times each for Moser, Benn, and Alvarez. These repeated failures (and resulting charges) are summarized in the tables above. Plaintiffs should not be charged for Crescent's incompetence.

And copies of tax returns were never necessary. All the information Crescent needed was available for free by requesting tax return transcripts online instead of tax returns through IRS Forms 4506. *See Delgado v. Sears Holdings Corp.*, No. 06 C 6218, 2008 WL 11395470, at *2 (N.D. Ill. Aug. 21, 2008). Only after Crescent failed (repeatedly) to submit the IRS Forms 4506 properly, racking up thousands of dollars for its failed attempts, did it finally stipulate to Plaintiffs' long-standing (and repeatedly rejected) proposal: Use the **free** IRS tax return transcripts. *See* Doc. 195 (stipulation resolving long-running tax return issue). Tax return transcripts contain all the information Crescent needed, including adjusted gross income, taxable income, and "items from any related forms and schedules filed." [What taxpayers should know about tax return copies and transcripts | Internal Revenue Service (irs.gov)](last accessed Jan. 21, 2023). Because the information Crescent needed was always available for free, it should not be allowed to tax charges it paid to submit IRS Forms 4506. *Delgado*, 2008 WL 11395470, at *2 (declining to tax IRS Form 4506 fees for tax returns because tax return transcripts are free).

**J.   Postage is not recoverable.**

"Postage is not included in section 1920 and is not recoverable as a cost." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Cap., Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997); *see also Halliburton Energy Servs., Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. June 20, 2007) (postage not recoverable). Postage costs "are not listed in the statute and represent 'overhead' costs, not litigation costs." *Id.* Accordingly, no postage costs should be taxed against Solis, including up to $1,237.96 shown on documents mixed in with Crescent's tax return costs. Doc. 249-7, Table in Section 3.H, *supra*.

**K.   Depositions and tax returns were not necessary.**

Plaintiffs did not oppose decertification. Doc. 220. Prior to the decertification deadline, Plaintiffs made several attempts to confer with Crescent, but Crescent never responded. *See* Docs. 217, 220. Nor did it confer with Plaintiffs prior to moving for decertification. *Id.*

Crescent did not even need to file its motion for decertification. Further, Crescent makes no effort to explain what information it necessarily received in depositions and through tax returns that it did not already have in its possession, obtained through interrogatories, or through free tax transcripts. Having failed to meet its burden to prove necessity, Crescent's costs should not be taxed against Solis.

A review of the facts Crescent used to support decertification shows that depositions and tax returns were not necessary. Crescent's motion for decertification focuses on 5 issues: (1) Plaintiffs had different job duties (Doc. 220 at 4-9); (2) Crescent paid some Plaintiffs directly and some through businesses they established (Doc. 220 at 10-11); (3) Some Plaintiffs had side hustles like real estate, athletics, a ranch, etc. (Doc 220. at 11); Plaintiffs had different day rates and earnings (Doc 220 at 11-12); and Plaintiffs took different tax deductions (Doc. 220. at 13). All these facts, apart from being plainly obvious, were easily obtained through means other than depositions and tax returns. For example, job duties are easily established though interrogatories and job descriptions. Crescent's own payroll records reflect the entities Crescent paid, whether directly to Plaintiffs or to their businesses. Plaintiffs' side hustles in real estate, athletics, ranches, etc. are easily established through simple interrogatories and free tax return transcripts instead of tax returns. And the deductions Plaintiffs took are also easily and cheaply established through interrogatories and free tax return transcripts.

Crescent did also not need depositions of non-parties Fritz Hoeflein and Sylvia Garza. Ex. 8 at ¶ 14. When Hoeflein was deposed in December 2020, he had been a non-party for months. Ex. 8 *Id.* His deposition, obtained by subpoena, was an "investigation" aimed to show Solis's lawyers coerced Hoeflein's participation in the case. *Id.* The deposition proved this to be the obvious lie it was, but more importantly, it was not necessary for either decertification or the merits of whether Plaintiffs were employees of Crescent. *Id.*

Sylvia Garza is Solis's tax preparer. Ex. 8 ¶ 15. Her deposition testimony was not necessary, either. Solis had already produced tax returns and testified for hours about them. Garza's testimony was simply not necessary because it had nothing to add of any consequence. *Id.* Her testimony, for example, could not change the amount Solis earned or deducted, which is the information already in his tax returns and what he already had testified about.

Crescent should also not be allowed to tax depositions and costs for tax returns against Solis for expenses attributable to depositions and tax returns of Plaintiffs who Crescent already consented to allow to withdraw. *See Devries v. Morgan Stanley & Co. LLC*, No. 12-81223-CIV, 2015 WL 6670109, at *3 (S.D. Fla. Oct. 30, 2015) (requiring plaintiffs to seek dismissal under Rule 41, rather than unilaterally withdraw). Crescent consented to the voluntary withdrawal of most of the Plaintiffs, including the following Plaintiffs for whom Crescent incurred tax return and/or deposition expenses: Hoeflein, Jones, Juarez, McDaniel, Stanley, and Stolz. Docs. 109, 110, 161, 181, 200, 218, 249. If Crescent intended to seek costs incurred for the Plaintiffs that withdrew from this case, it could have (and should have) done so when those Plaintiffs were still in this case. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) (voluntary dismissal under Rule 41(a)(2) "prevents defendants from being unfairly affected by such dismissal.").

**L. Fees for service of summons and subpoena are not recoverable.**

Crescent is not entitled to private process server expenses totaling $5,009.14. Once again, Crescent submits an unverified and disorganized stack of emails, invoices, and reports without specifying what charges it actually seeks or why they were necessary. Doc. 249-1 at ¶ 9; 249-3. Because Crescent's submission (even if it were admissible) makes a coherent review impossible, the Court should not tax these charges. *See, e.g.*, *Carroll*, 2018 WL 1795469, at *5.

Notably, private process server fees are not enumerated in § 1920, which encompasses only fees paid to the United States Marshal, and thus aren't taxable absent exceptional

circumstances. *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010), *aff'd,* 430 F. App'x 359 (5th Cir. 2011); *Cypress–Fairbanks Ind. Sch. Dist. v. Michael F.,* 118 F.3d 245, 257 (5th Cir.1997) (citing *Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983); *see also Halliburton Energy Services, Inc.*, 244 F.R.D. at 372 ("private process server fees are not covered by § 1920."). "Exceptional circumstances" refer to those which require the use of private process servers as opposed to U.S. Marshals. *Zdunek*, 100 F.R.D. at 692. Accordingly, if a court finds such exceptional circumstances, it can allow charges, but limited to what a U.S. Marshal charges. *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 974 (S.D. Tex. 2011).

Crescent wholly fails to establish "exceptional circumstances." Doc. 249. Therefore, these expenses cannot be taxed. *Baisden,* 793 F.3d at 975 (declining to tax expenses for private service of third-party subpoenas where defendants failed to demonstrate exceptional circumstances or what the U.S. Marshals would have charged.). Nor does Crescent say why it could not simply serve the subpoenas by mail. *See, e.g, Cypress-Fairbanks Indep. Sch. Dist.* 118 F.3d at 257 (recognizing non-objection to service by mail as a factor in not taxing private process server fees).

And none of the process server charges were necessary. First, Crescent served subpoenas on Plaintiffs' sole proprietorships without giving adequate notice under Rule 45. *See* Ex. 6; Ex. 8 ¶ 7. Plaintiffs' counsel could not agree to accept service because he did not represent the businesses to whom the subpoenas were directed. *Id.* However, Plaintiffs' counsel agreed to answer the discovery in the subpoenas along with Plaintiffs' discovery responses. *Id.* Crescent agreed this would "obviate the need to move for production of or further pursue the same documents," but was "not willing to agree to such an approach in lieu of serving subpoenas altogether." *Id.* Accordingly, none of these subpoenas were necessary because Plaintiffs offered to provide the information sought and Crescent would have accepted their answers. *Id.* Crescent's $5,009.14 in private process server expenses are not taxable because the subpoenas were not necessary.

4.  **CONCLUSION**

Crescent's costs should be disallowed for failure to provide competent evidence to support them and meet its burden to prove they are recoverable and necessary. However, any award of costs should not exceed $1,251.95, the reasonable cost of Solis's deposition at the normal rate of $3.65 per page.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

**/s/ David I. Moulton**

By: _____

Richard J. (Rex) Burch
Texas Bar No. 24001807
David I. Moulton
Texas Bar No. 24051093
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone:      (713) 877-8788
Telecopier:      (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com
**Attorneys for Plaintiffs**

**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap** Texas
Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Ste. 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Telecopier: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

**ATTORNEYS FOR SOLIS**

## CERTIFICATE OF SERVICE

This document was served on all parties via the Court's ECF System on January 23, 2023.

                                        **/s/ David I. Moulton**
                              By: _____
                                        David I. Moulton